UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| ALEJANDRO HUGGINS, on behalf of himself and others similarly situated | : | Civil Action No. 18-001037-PAC |
| | : | |
| *Plaintiff, and Lead Plaintiff for the Proposed Class,* | : | **AMENDED FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT** |
| v | : | |
| CHESTNUT HOLDINGS INC.; 1425 U LLC; and JONATHAN WIENER | : | **Jury Trial Demanded** |
| *Defendants* | : | |

---

"Plaintiff" Alejandro Huggins, individually and on behalf of himself and all others similarly situated, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a building superintendent who has worked for Defendants at various times between 2009 and the present. Throughout the course of his employment, Plaintiff regularly worked as many as seven days and well over 40 hours each week, including the requirement that he be on call 24 hours a day, seven days a week to deal with any issues that arose in residential multifamily properties owned by Defendants. Throughout the course of his employment, Defendants have denied Plaintiff minimum wage and/or overtime pay as required by law; failed to provide a required wage notice at the time Plaintiff was hired and annually, as required by law; and failed to provide a proper wage statement for each pay period, as required by law.

2. This action is brought to recover unpaid minimum and overtime wages owed to Plaintiff and other similarly situated employees of Defendants, in addition to damages for

Defendants' failure to provide required wage notices and statements, as well as injunctive and declaratory relief against Defendants' unlawful actions, and attorney fees' and costs.

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action provision of the FLSA, 20 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawful wages.

4. Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23, for violations of New York Labor Law ("NYLL") § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendants as building superintendents at any point over the 3 years preceding the filing date of this Complaint, and who did not receive minimum wages

and/or overtime pay for all hours worked in excess of forty in the work week (the "Class Members").

9. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff, and as such, notice should be sent to all others similarly situated. There are numerous similarly situated current and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

10. Plaintiff sues on his own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(3). The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants, upon information and belief there are at least around 50 Class Members, and there could be significantly more.

11. There are questions of law and fact common to Class that predominate over any questions affecting only individual members, including:

   a. Whether Defendants employed and/or jointly employed Plaintiff under New York law;

   b. Whether Defendants provided to their employees, at the time of each employee's hire and on or before February first of each subsequent year of that employee's employment, notices meeting the requirements outlined in NYLL § 195(1)(a); and

   c. Whether Defendants provided to their employees, with each payment of wages and wage statements meeting the requirements outlined in NYLL § 195(3).

12. The claims of representative parties are typical of the claims of the Class.

13. The representative parties and their counsel will fairly and adequately protect the interests of the Class.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

15. Defendants have acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## PARTIES

16. Plaintiff Alejandro Huggins is an adult individual who, at all times relevant to this Complaint has been a resident of the State and City of New York.

17. At all times relevant to this Complaint, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 190(2).

18. A written consent form for Plaintiff's consent to bring this action as a collective action under the FLSA has been filed in this action.

19. Defendant Chestnut Holdings, Inc. ("Chestnut") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 5676 Riverdale Avenue, Suite 307, Bronx, NY 10471. Chestnut is a family-owned real estate investment and property management firm with a long track record of successful, responsible and reliable management. Chestnut is a hands-on owner-manager that acquires, manages and improves multifamily properties throughout New York City. Chestnut purchased its first building in the Bronx in 1997. Since that time, it has come to acquire dozens more, and, upon information and belief, currently owns and manages more than 100 multifamily properties.

20. Individual Defendant Jonathan Wiener is an adult individual who at all relevant times was and is the owner of Chestnut. Upon information and belief, Mr. Wiener directed various other individuals to create a policy of not paying superintendents properly, and to ensure the viability of that policy, Mr. Weiner also directed individuals to follow a policy of not providing notices as required under the Fair Labor Standards Act.

21. Defendant 1425 U LLC is a domestic company organized under the laws of the State of New York, with a principal place of business at 5676 Riverdale Avenue, Suite 307, Bronx, NY 10471.

22. Upon information and belief, Chestnut is a real estate company that owns and manages multiunit residential apartment complexes throughout New York City.

23. 1425 U LLC is one such complex owned and managed by Chestnut.

24. To look after each residential complex, Chestnut employs a superintendent.

25. Plaintiff is the superintendent for 1425 U LLC, which is a residential complex located on 1425 University Place in the Bronx.

26. Superintendents at each building are victims of egregious wage theft. Throughout the course of each Superintendent's employment with Chestnut, Superintendents regularly work seven days a week, in excess of 40 hours per week, including the requirement that they be on call 24 hours a day, seven days a week to deal with any issues that arose in their respective work location, without receiving minimum wages and/or overtime pay as required by law.

27. Upon information and belief, Plaintiff was employed in an enterprise that has employees selling, handling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce and has gross revenue of more than $500,000.

28. Upon information and belief, Defendants own numerous other residential complexes in the City of New York, in addition to those at which the named Plaintiff worked.

29. Upon information and belief, at all relevant times, Defendants jointly employed Plaintiff and had the power to hire and fire him, supervised and controlled his work schedules and the conditions of their employment, determined the rate and method of their payment, and maintained their employment records.

30. Upon information and belief, Plaintiff worked in the premises and used equipment owned by different Defendants than those by whom they were formally controlled.

31. Upon information and belief, Plaintiff performed a discrete job that is integral to all Defendants' businesses.

32. Upon information and belief, Defendants share common labor policies and practices.

33. Upon information and belief, at all times relevant to this Complaint, Defendants were employers of Plaintiff within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

## CLASSWIDE FACTUAL ALLEGATIONS

34. Plaintiff brings FLSA and NYLL claims on behalf of himself and all similarly situated persons employed by Defendants.

35. Plaintiff was, at various times between 2009 and the present, employed as a building superintendent in buildings owned and/or operated by Defendants in New York.

36. As the building superintendent, the job duties of the Plaintiff and those similarly situated ("Class Members") included, *inter alia,* collecting and taking out garbage on a daily basis, making minor apartment repairs including minor plumbing, flooring, roofing, and

electrical work, maintaining building boilers, checking hallways for cleanliness and maintenance issues, and cleaning inside and outside the buildings. Superintendents were also responsible for snow removal and other cleaning and maintenance projects which were of a seasonal or more periodic (*i.e.*, not daily) frequency.

37. All of the work that Plaintiff and proposed Class Members performed was assigned by Defendants and/or Defendants were aware of all the work performed by Plaintiff and Class Members, as well as hours that Plaintiff and Class Members worked.

38. Plaintiff was on call 24 hours a day, 7 days a week. Even when the Plaintiff was not actively working, he was nonetheless expected to be available to answer tenant calls and deal with any emergencies that arose. If at any point during the day or night he needed to leave building premises, he was required to call his Field Managers to notify them that he was leaving and to inform them of who would be covering the building during his absence.

39. When Plaintiff and Class Members accepted employment with Defendants, they were hired to work at fixed biweekly wage rates.

40. At all relevant times, Defendants had the right to control, and did in fact control, the hours, hourly pay, assignments and schedules of the named Plaintiff and all superintendents working at the residential complexes Defendants own and/or manage.

41. On information and belief, Defendants failed to pay Class Members overtime wages at a rate of one and one-half times their regular rate of pay of hours worked in excess of 40 per work week.

42. As described above, Defendants failed to pay the named Plaintiff minimum wages as required by law and/or overtime wages at a rate of one and one-half times their regular pay of hours worked in excess of 40 per work week.

43. At all relevant times, Defendants failed to keep complete and/or accurate records of the hours worked by and wages paid to the named Plaintiff.

44. As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL. This pattern or practice includes, but is not limited to:

   a. Failing to record hours or to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records;

   b. Willfully failing to pay Plaintiff and Class Members required minimum wages and/or one and one half times their regular rate of pay for hours worked in excess of forty per work week;

   c. Failing to provide Plaintiff and Class Members with a required wage notice either at the time they were hired or annually as required by NYLL § 195(1)(a); and

   d. Failing to provide Plaintiff and Class Members with wage statements upon each payment of wages as required by NYLL § 195(3).

45. At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

46. Upon information and belief, Defendants' unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

47. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

<u>Alejandro Huggins</u>

48.    Plaintiff Alejandro Huggins worked for Defendants from approximately August 2012 and is still working through the present date.

49.    At all relevant times, Huggins was and is employed as a building superintendent at one of the many multifamily residential complexes owned and operated by the Defendants.

50.    Plaintiff lives in the complex where he works. He lives there for the primary purpose of being available to provide services on a 24 hour basis and would not live there but for the fact that he must be on site at all times to meet the requirements of his job.

51.    During his employment with Defendants, Plaintiff has worked in excess of 40 hours.

52.    Throughout the employment, Plaintiff worked from Monday through Friday from 7am through 5pm, with a one-hour lunch break.

53.    On a routine day, Plaintiff performed the following daily duties: trash and recycling collection; sweeping and mopping; window and surface cleaning; performing apartment maintenance; and checking main boiler and water supply.

54.    In addition to the daily duties, Defendants required Plaintiff to perform a host of other duties including: responding to emergency maintenance issues at the building; performing major repairs, renovations and cleanings at the building, including repairing flights of broken steps and cleaning the main boiler; providing access to the building to third-party/outside building service contractors; and snow removal. In order to perform these additional duties, Plaintiff would have to work additional hours beyond the Monday-Friday, 7am-5pm schedule. Plaintiff worked these additional hours, either staying on the job past 5 pm or coming into work

on the weekends. This resulted in Plaintiff working in excess of 50 hours most weeks, and at times, in excess of 60 hours per week.

55. For all of these weeks, Defendants never paid Plaintiff minimum wage and overtime for all hours worked. Instead, Defendants paid Plaintiff a fixed weekly salary that did not take into account the actual hours Plaintiff worked. For instance, Plaintiff received the same payment regardless of whether he spent additional hours in a given week responding to a tenant emergency or working all weekend on snow removal.

56. As a result, Plaintiff has not been paid for his actual total hours worked throughout the workweek.

57. In addition to his hours actively working, Plaintiff was required to be on call to deal with any situation or need that arose in the buildings 24 hours a day, 7 days a week. When he needed someone to cover for him, he had to pay them out of his own pocket, which his supervisors knew.

58. Despite complaining to supervisors, Plaintiff has never been given time off except for two, two-week vacations over the course of his more than 8 year employment period, with one of those vacations being cut short when Defendants summoned Plaintiff to return to attend to building maintenance and repair issues that Defendants deemed were an emergency and could only addressed with Plaintiff returning from vacation.

59. At all relevant times, Defendants paid Plaintiff a fixed sum starting at $400 per week with minimum increases being periodically given.

60. On several occasions after April 9, 2011, Defendants' changed the biweekly rate of wages they paid to Plaintiff.

## FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE

61. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

62. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

63. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C § 216(b).

64. At all times relevant to this action, Plaintiff and Class Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203€

65. At all times relevant to this action, Plaintiff and Class Members were engaged in commerce and the corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. § § 206(A) and 207(a).

66. Defendants violated the rights of Plaintiff and Class Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C § 206(a)(1).

67. Defendants failure to pay Plaintiff and Class Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

68. Defendants are liable to Plaintiff and Class Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA OVERTIME

69. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

70. Defendants violated the rights of Plaintiff and Class Members by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

71. Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C § 255.

72. Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION: NYLL ANNUAL NOTICE

73. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

74. Pursuant to NYLL 195(1)(a), every employer is required to

provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one if this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

75. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with any kind of notice at the time of hiring or annually, whatsoever, let alone a notice meeting the requirements laid out in Section 195(1)(a).

76. NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages for $50 for each work day that the violation occurred or continued to occur, up

to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

77. During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

78. Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## **FOURTH CAUSE OF ACTION: NYLL WAGE STATEMENTS**

79. Plaintiff alleges and incorporate by reference the allegations contained in all preceding paragraphs.

80. Pursuant to NYLL § 195(3), every employer is required to

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances; if any, claimed as part of the minimum wage; and net wages.

81. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with wage statements meeting the requirements laid out in ¶ 105.

82. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damage of $250 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

83. During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

84. Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate pursuant to NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a. That, at the earliest possible time, Plaintiff through their counsel be permitted to give notice of this collective action, or that the Court issue such notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of the Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c. Designation of the named Plaintiff Alejandro Huggins as class representative and designation of Mr. Huggins's counsel of record as class counsel;

d. Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.;*

e. An additional and equal amount in unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.;*

f. Statutory damages pursuant to NYLL § 198(1)(b) and (d); and

g. Issuance of a declaratory judgement that the practices complained of herein are unlawful under the FLSA and NYLL and a permanent injunction against Defendants' continued engagement in such practices.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all question of fact raised by the Complaint.

Dated: New York, New York
      May 8, 2018  **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Alejandro Huggins and the Rule 23 Proposed Class and FLSA Proposed Collective*