**BERANBAUM MENKEN LLP**

80 PINE STREET, 33RD FLOOR

NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616

FACSIMILE: (212) 509-8088

WWW.NYEMPLOYEELAW.COM

JOHN A. BERANBAUM △
BRUCE E. MENKEN
JASON J. ROZGER △
GRACE CRETCHER
SCOTT SIMPSON
MARIELLE A. MOORE

△ ALSO ADMITTED NJ

September 7, 2018

**Via ECF and Regular Mail**
Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl St., Chambers 350
New York, NY  10007

Re:   *Huggins v. Chestnut Holdings of New York, Inc., et al.*
      Civ. No. 18-001037 (PAC)
      Joint Letter

Dear Judge Crotty:

Pursuant to the Court's July 13, 2018 Order (see ECF No. 33) and Rule #6G of the Court's Individual Practices, the parties submit this joint letter in advance of our initial conference scheduled for September 11, 2018 at 12:30 pm.  In addition to the seven matters addressed below, Plaintiff also requests that discovery be divided into phases.  Phase one will be discovery relating to Plaintiff's Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b), with an October 11, 2018 paper discovery deadline and a Fed R. Civ. P. 30(b)(6) deposition to be conducted before October 25, 2018.  On or before October 25, 2018, the parties will write the Court to determine if they intend to engage in settlement negotiations or if Plaintiff wishes to make a motion for conditional certification.  Assuming the case does not settle, the second phase of discovery would involve either additional discovery concerning Plaintiff's individual claims (if the conditional certification motion is denied) or additional discovery

1

concerning the collective class members' claims and Plaintiff's individual retaliation claim (if the motion is granted). Defendants do not consent to phased discovery.

The parties attach a Proposed Civil Case Management Plan and Scheduling Order as Exhibit 1.

Items one through seven of Rule #6G of the Court's Individual Practices are addressed as follows:

### 1.     Information on Trial Counsel

Plaintiff's Counsels:

Scott Simpson & Bruce Menken
Beranbaum Menken LLP
80 Pine St, 33rd Floor, New York.
Phone: 212-509-1616
Fax: 212-509-8088
E-mail: ssimpson@nyempoyeelaw.com and bmenken@nyemployeelaw.com.

Mohammed Gangat
Law Office of Mohammed Gangat
675 3rd Ave, Suite 1810
New York, NY 10017
Phone: 718-669-0714
Fax: 646-556-6113
E-mail: mgangat@gangatllc.com

Defendants' Counsel:

Daniel C. Moreland & Neresa A. De Biasi
Clifton Budd & DeMaria, LLP
The Empire State Building
350 Fifth Avenue, Suite 6110
New York, New York 10118
Phone: (212) 687-7410
Facsimile: (212) 687-3285
E-mail: dcmoreland@cbdm.com and ndebiasi@cbdm.com

2. **Brief Description of the Nature of the Action and the Principal Defenses**

Plaintiff:

Plaintiff, a former building superintendent in the Bronx, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") § 190, 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3. This putative collective and class action stems from Defendants' failure to pay Plaintiff and similarly situated superintendents employed by Defendants lawful wages under state and federal law. Plaintiff, who was on call 24 hours a day as the superintendent of a 55-unit building, worked some 55-70 hours a week but was denied overtime and paid less than the minimum wage. Plaintiff also has individual claims for retaliation resulting from his termination that followed the commencement of this litigation.

Defendants:

Defendants deny that they violated the FLSA, NYLL, or any other law in connection with Plaintiff or any similarly situated superintendents employed by Defendants. Defendant Chestnut Holdings of New York, Inc. denies that it was an "employer" of Plaintiff under either the FLSA or the NYLL. Additionally, Defendant Jonathan Wiener is not an "employer" of Plaintiff under the FLSA and/or NYLL. Defendants did not operate as a single integrated enterprise and are not a joint employer for the purposes of the FLSA or NYLL. Defendants generally dispute that an opt-in collective action pursuant to 29 U.S.C. §216(b) and class action pursuant to Fed. R. Civ. P. 23 are appropriate.

Defendant 1425 U LLC paid Plaintiff for all hours worked and acted in good faith and had reasonable grounds for believing that its pay practices complied with the FLSA and NYLL. Furthermore, Plaintiff's duties would qualify him as the Building's "janitor" pursuant to the

3

Minimum Wage Order for the Building Service Industry, Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York, thereby rendering Plaintiff exempt from overtime and minimum wage under the NYLL.

Plaintiff's employment was terminated for his refusal to perform his duties, and not in retaliation for Plaintiff's filing of this lawsuit.

### 3. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this action arises under 29 U.S.C. § 201 et seq. Defendants do not contest subject matter jurisdiction in this case.

### 4. Claims to be Tried

All claims asserted in the Second Amended Complaint and defenses asserted in the Answer to the Second Amended Complaint remain to be tried at this time.

### 5. Contemplated Motions

Plaintiff:

At the moment, Plaintiff contemplates two motions: A Conditional Certification Motion to certify a collective class pursuant to 29 U.S.C. § 216(b) and a motion for Class Certification under Fed .R. Civ. P. 23.

Defendants:

If necessary, Defendants intend to move for summary judgment.

### 6. Trial Details

The case will be tried to a jury and the parties estimate a trial length of five days.

7.  **Trial of Case by Magistrate Judge**

All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial.

We thank the Court for its consideration.

                                      **BERANBAUM MENKEN LLP**

                                      By: /s/Scott Simpson
                                            Scott Simpson
                                            80 Pine St., 33rd Fl.
                                            New York, NY 1005
                                            (212) 509-1616
                                            ssimpson@nyemployeelaw.com

                                    CLIFTON BUDD & DeMARIA, LLP
                                    *Attorneys for Defendants*

                              By: _____
                                    Daniel C. Moreland (DM-2672)
                                    Neresa De Biasi (ND-8028)
                                    The Empire State Building
                                    350 Fifth Avenue, Suite 6110
                                    New York, New York 10118
                                    Telephone:   (212) 687-7410
                                    Facsimile:    (212) 687-3285