# BERANBAUM MENKEN LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

JOHN A. BERANBAUM △
BRUCE E. MENKEN
JASON J. ROZGER △
GRACE CRETCHER
SCOTT SIMPSON
MARIELLE A. MOORE

△ ALSO ADMITTED NJ

November 7, 2018

**Via ECF and First Class Mail**
Hon. Paul A. Crotty, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Huggins v. Chestnut Holdings et al.,* No. 18 Civ. 1037 (PAC)
Request for a Discovery Conference

Dear Judge Crotty:

Plaintiff writes pursuant to this Court's Individual Rule 3(C) to request a pre-motion conference concerning Defendants' objections to producing certain discovery items in this putative Fair Labor Standards Act ("FLSA") collective action. The parties, in good faith, held two telephonic meet and confer sessions on November 2 and November 7, 2018.

**I. Defendants' Objection to the Production of Any Collective-Wide Discovery**

Defendants have objected to the production of any collective-wide discovery, including any interrogatory responses to Plaintiff's request for the names, addresses and dates of employment for similarly situated superintendents employed by any Defendant. See Ex. 1, RFPs No. 11, 13, 16-19 and Ex. 2, Interrogatories No. 6 and 9. First, it is my recollection that the purpose of the period of discovery in advance of the November 19, 2018 conference was for the parties to engage in collective-wide discovery in anticipation of Plaintiff's motion for conditional certification of a collective class. Second, Courts in this district regularly permit and compel

pre-certification discovery pertaining to putative class members. *See Youngblood v. Family Dollar Stores, Inc.,* No. 09 CIV. 3176 RMB FM, 2011 WL 1742109, at *3 (S.D.N.Y. Jan. 5, 2011) ("Indeed, a number of courts, in this district and elsewhere, have concluded that pre-certification disclosure of the names and addresses of putative class members in wage and hour cases is appropriate."); *Whitehorn v. Wolfgang's Steakhouse, Inc.,* No. 09 CIV. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("While some district courts have exercised this discretion to deny pre-certification disclosure of contact information, the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases); *Fei v. WestLB AG*, No. 07 Civ. 8785(HB)(FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members"); *Ruiz v. Citibank,* N.A., No. 10 CIV 5950 (JGK), 2011 WL 43509, at *1 (S.D.N.Y. Jan. 4, 2011) ("We have reviewed the body of caselaw submitted by the two sides and see no persuasive basis for automatically denying plaintiffs access to a contact list prior to conditional certification.").[1] At a minimum, Defendants should be required to respond to Plaintiff's interrogatory requesting the names and contact information for the putative class members, as the production of this information cannot in any way be considered, as Defendants claim, "not reasonably calculated to lead to the discovery of admissible evidence." Ex. 2 at p. 3-4.

## II. Defendants' Objection to the Production of Any Joint Employment Related-Discovery

Defendants have also objected to Plaintiff's discovery requests pertaining to each

---

[1] Earlier this year, one court in this district granted a motion to compel the names and contact information of putative class members even *after* denying plaintiffs' conditional certification motion without prejudice. *Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 CIV. 7787 (JCM), 2018 WL 1027161, at *6 (S.D.N.Y. Feb. 21, 2018)(ordering the "full names, job titles, last known mailing addresses, email addresses, telephone numbers, and dates of employment" for similarly situated employees employed by Defendants within the relevant time period after plaintiffs' conditional certification motion was denied without prejudice).

Defendant's corporate structure, as well as the relationship between Defendants. Defendants have specifically objected to Plaintiff's RFP No. 21 (requesting documents pertaining to each Defendant's owners and shareholders) and, following the parties' conferences, continue to search for documents responsive to RFPs No. 22, 26 and Interrogatory No. 8 (all concerning the corporate and contractual relationship between Defendants) but maintain their objections to date. See Ex. 1 at 6-7, Ex. 2 at 4. Defendants claim, in part, that these requests are not reasonably calculated to lead to the discovery of admissible evidence.[2] But earlier in this litigation, Defendants claimed that Defendant Chestnut Holdings ("Chestnut"), a self-described "owner-manager"[3] of *at least* 81 buildings,[4] was not plaintiff's "employer" under the FLSA or New York Labor Law. ECF No. 34. The structure of Defendants' entities, and the relationship between and among these entities, are highly relevant and necessary for Plaintiff to establish that Defendants were indeed Plaintiff's employers. Unless Defendants plan to waive their defense that Chestnut was not Plaintiff's employer, Defendants should produce the requested documents and information.

Since Plaintiff's Fed. R. Civ. P. 30(b)(6) depositions are scheduled for November 15 and 16, Plaintiff requests that Defendants produce responsive documents no later than close of business on November 13, 2018. We thank the Court for its consideration.

Respectfully submitted,

Scott Simpson

cc: All counsel (by ECF)

---

[2] Defendants fail to object to any RFP on the basis that the request is not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).
[3] See https://chestnutholdings.com/about-us/.
[4] See http://www.nydailynews.com/new-york/bronx/furious-tenants-demonstrate-landlord-home-article-1.1375250.