UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
ALEJANDRO HUGGINS, on behalf of himself and others similarly situated :

      *Plaintiff, and Lead Plaintiff for the Proposed Class,* : Civil Action No. 18-001037-PAC

v :

CHESTNUT HOLDINGS INC.; 1425 U LLC; and JONATHAN WIENER :

      *Defendants* :
------------------------------------------------- x

## DECLARATION OF SCOTT SIMPSON IN SUPPORT OF MOTION TO OVERRULE OBJECTIONS TO AND TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

I, Scott Simpson, an attorney duly admitted to practice before the Courts of the State of New York and this Court, hereby declare the following pursuant to 28 U.S.C. § 1746:

1. I am a partner of the law firm of Beranbaum Menken LLP, attorneys for Plaintiff in the above-captioned matter, and as such, I am fully familiar with the facts and circumstances of this case.

2. I submit this declaration in support of Plaintiff's Motion to Compel Collective-Wide Discovery and for Joint Employer Discovery pursuant to Fed. R. Civ. P. 37, which provides that a party may move for an order compelling disclosure or discovery where an opposing party fails to make a disclosure required by Fed. R. Civ. P. 26(a), answer an interrogatory submitted under Fed. R. Civ. P. 33, or produce or permit inspection of documents under Fed. R. Civ. P. 34.

3. This case alleges minimum wage, overtime, and notice violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL") §§ 190, 195,

and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") §§ 146-2.2 and 2.3, and is brought on behalf of Plaintiff and a putative class of individuals who worked for Defendants Chestnut Holdings, Inc. and Jonathan Wiener. *See* Second Amended Complaint (ECF doc. no. 31). Plaintiff also individually asserts unlawful retaliation claims.

4. Beginning in September 2018, the parties to this action engaged in discovery, including interrogatories and requests for production.

5. Defendants have failed to provide documents and data in response to Plaintiff's interrogatories and requests for production of documents relating to potential opt-in Plaintiffs and to Defendants' joint employment of Plaintiff.

6. I understand Defendants' position to be that discovery should first be directed only to the issue of joint employment, despite Defendants failing to provide documents and data relevant to this issue, and even though Defendants made no attempt to request bifurcated discovery prior to the Court's issuance of the discovery schedule.

7. It is my recollection that the purpose of the period of discovery in advance of the canceled November 19, 2018 conference was for the parties to engage in collective-wide discovery in anticipation of Plaintiff's motion for conditional certification of a collective class.

8. Counsel for Defendants and I, in good faith, held two telephonic meet and confer sessions on November 2 and November 7, 2018. Despite these good faith attempts to resolve our discovery issues, the parties were unable to reach an agreement.

9. Annexed hereto as Exhibit 1 is a statement of Defendants' insufficient discovery responses and the grounds upon which Plaintiff is entitled to prevail on this motion, in accordance with Local Rule 37.1.

10.     Annexed hereto as Exhibit 2 is a true and correct copy of an email from Mark Kaspiev, "Managing Field Director" of Defendant Chestnut Holdings, Inc. ("Chestnut"), stating that "Mr. Huggins is currently employed with us."

11.     Annexed hereto as Exhibit 3 are disciplinary reports and accompanying documentation from Ian Stowe, "Field Manager of the premises on behalf of 1425 U LLC, c/o Chestnut Holdings," concerning Plaintiff's job performance.

12.     Annexed hereto as Exhibit 4 is a true and correct copy of another disciplinary report and accompanying email correspondence sent by Zohar Yaish, Chestnut's Senior Field Manager, which changed Plaintiff's working hours.

13.     Annexed hereto as Exhibit 5 is a true and correct copy of email correspondence between Chestnut's Senior Field Manager and Chief Field Director and an accompanying termination letter, terminating Plaintiff's employment and directing that his payroll be terminated.

14.     Annexed hereto as Exhibit 6 is a true and correct copy of several of Plaintiff's paychecks, showing Chestnut's address (5676 Riverdale Avenue, Suite 307, Bronx, NY 10471) at the bottom.

15.     Annexed hereto as Exhibit 7 is a true and correct copy of Plaintiff's "Health Application Form," which has "Chestnut Holdings" pre-filled as the "Employer."

16.     Annexed hereto as Exhibit 8 is a true and correct copy of Maintenance logs completed by residents of 1425 University Avenue, which are printed on Chestnut letterhead.

17.     Annexed hereto as Exhibit 9 is a true and correct copy of "Time Off Request" forms filled out by Plaintiff, which are printed on Chestnut letterhead.

18. Annexed hereto as Exhibit 10 is a true and correct copy of a memorandum regarding payroll changes, printed on Chestnut letterhead and addressed "[t]o all employees."

19. Annexed hereto as Exhibit 11 is a true and correct copy of a memorandum regarding tax forms, printed on Chestnut letterhead.

20. I certify on penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and respectfully request that for the reasons set forth in the attached Exhibits and contemporaneously-filed Memorandum of Law, the Court grant Plaintiff's motion in its entirety.

Dated: New York, New York
       November 28, 2018

/s/ Scott Simpson  
Scott Simpson  
Beranbaum Menken LLP  
80 Pine Street, 33rd Floor  
New York, NY 10005  
Tel.: 212-509-1616  
Fax: 212-509-8088