Insufficient Discovery Responses

1. Each discovery request at issue for purposes of this Motion, and Defendant's responses, are set forth below pursuant to Local Rule 37.1.[1]

2. Request for Production #11 requested "[a]ll documents reflecting, referring, or relating to the job descriptions, responsibilities, hours, and/or compensation of building superintendents, including Plaintiff and those similarly situated, working in:

   a. Defendant 1425 University Ave, Bronx NY 10452;

   b. Any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;

   c. Any building owned by and/or managed by Defendant Jonathan Wiener."

   Defendant's response was: "This request is improper in that it is overbroad, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objection and without waiving same, documents that may be responsive to this request are bates stamped 00001 and 00021 to 00126."

3. Request for Production #13 requested "[a]ll documents reflecting, referring, or relating to any complaints about the compensation of any superintendent for the period February 6, 2012 to the present, including but not limited to minimum wages, overtime, and benefits, made to:

   a. Defendant 1425 University Ave, Bronx NY 10452;

   b. Any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;

---

[1] "Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response."

      c. Any building owned by and/or managed by Defendant Jonathan Wiener."

Defendants' response was: "This request is improper in that it is sufficiently vague as to prohibit a response and not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objection and without waiving same, documents that may be responsive to this request are bates stamped 00162 to 00301."

4. Request for Production #16 requested "[a]ll documents reflecting names and addresses of all other individuals from February 6, 2012 to the present who were worked as superintendents and/or performed the same or similar work tasks for Plaintiff for:

      a. Defendant 1425 University Ave, Bronx NY 10452;

      b. Any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;

      c. Any building owned by and/or managed by Defendant Jonathan Wiener."

Defendants' response was: "This request is improper in that it is overbroad, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence."

5. Request for Production #17 requested "[a]ttendance and earnings records for all other individuals who performed the same or similar work tasks for Defendants." Defendants' response was: "This request is improper in that it is premature, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence."

6. Request for Production #18 requested "[a]ll offer letters, contracts, and/or other documents reflecting or referring to the initial offers of employment to Plaintiff,

and/or any other individuals employed during the relevant time period who performed the same or similar duties as Plaintiff for:

a. Defendant 1425 University Ave, Bronx NY 10452;

b. Any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;

c. Any building owned by and/or managed by Defendant Jonathan Wiener."

Defendants' response was: "This request is improper in that it is premature, overbroad, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objection and without waiving same, documents that may be responsive to this request are bates stamped 00001 to 00021."

7. Request for Production #19 requested "[a]ll documents or schedules concerning or reflecting work assignments during the period of Plaintiffs' employment, given to Plaintiff and/or any other individual who performed the same or similar duties as Plaintiff during the relevant period for:

a. Defendant 1425 University Ave, Bronx NY 10452;

b. Any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;

c. Any building owned by and/or managed by Defendant Jonathan Wiener."

Defendants' response was: "This request is improper in that it is premature, overbroad, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objection and without waiving same, documents that may be responsive to this request are bates stamped 00021 to 00126."

8. Request for Production #21 requested "[a]ll documents reflecting, referring to, relating to, or setting out all current and past owners, officers, and/or shareholders of each Defendant." Defendants' response was: "This request is improper in that it is premature, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence."

9. Request for Production #22 requested "[a]ll documents reflecting, referring or relating to the relationship between Defendants, including but not limited to corporate bylaws, corporate minutes, shareholder agreements, transfer documents regarding transactions between the defendants, or contracts entered into between defendants reflecting an agreement to manage buildings." Defendants' response was: "This request is improper in that it is sufficiently vague as to prohibit a response and not reasonably calculated to lead to the discovery of admissible evidence."

10. Request for Production #23 requested "[a]ll documents referring, reflecting, or relating to each Defendant's individual organizational and/or management structures." Defendants' response was: "This request is improper in that it is sufficiently vague as to prohibit a response and not reasonably calculated to lead to the discovery of admissible evidence."

11. Request for Production #24 requested "[a]ll documents referring, reflecting, or relating to the number and/or addresses of all buildings owned and/or managed by each of the Defendants." Defendants' response was: "This request is improper in that it is premature, overbroad, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence."

12.  Request for Production #25 requested "[a]ll documents referring, reflecting, or relating to the sale of any building owned and/or managed by any Defendant during the relevant time period." Defendants' response was: "This request is improper in that it is premature, overbroad, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence."

13.  Request for Production #26 requested [a]ll agreements and all other documents that set out the terms and conditions of, reflect, refer, or relate to the relationship between or among Defendants." Defendants' response was: "This request is improper in that it is premature, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence."

14.  Request for Production #30 requested "[a]ll ESI from the date Plaintiff was hired to the present containing the following search terms with the following custodians:

    Search terms:

    Alejandro and/or Huggins and "fired" or "terminated" or "retaliation" or "wage" or "overtime" or "lawsuit" or "warning" or "lawyer" or "attorney" or "court"; "minimum wage"; and "overtime."

    Custodians:

    Jonathan Wiener,
    Zohar Yaish,
    Ian Stowe,
    Cesar Morales,
    Ari-Tzvi Marks,
    Any other supervisor and/or manager employed by 1425 U LLC,
    The individual "Gina" identified in Plaintiff's Initial Disclosures,
    The individual "Angela" identified in Plaintiff's Initial Disclosures.

    Defendants' response was: "This request is improper in that it is premature, sufficiently vague as to prohibit a response, and not reasonably calculated to lead to the discovery of admissible evidence."

15. Interrogatory #1 stated "Identify all owners, officers, and/or shareholders of each Defendant during the relevant time period." Defendants' response was "Defendants object to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence, and it exceeds the scope of interrogatories permissible under S.D.N.Y. Local Civil Rule 33.3. Further, such information could be readily obtained through other discovery procedures."

16. Interrogatory #6 stated "Identify all individuals who from February 6, 2012 to the present, worked as a building superintendent:

    a) for Defendant 1425 University Ave, Bronx NY 10452;

    b) in any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;

    c) in any building owned by and/or managed by Defendant Jonathan Wiener.

    Include the approximate dates of each individual's employment and the address of the building where each individual worked.

    Defendants' response was: "Defendants object to this interrogatory as it is premature, overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and it exceeds the scope of interrogatories permissible under S.D.N.Y. Local Civil Rule 33.3. Further, such information could be readily obtained through other discovery procedures."

17. Interrogatory #8 stated "Describe the documents that establish the relationship between Defendant 1425 U LLC and Defendant Chestnut Holdings, and include the location of those documents and the custodian of those documents." Defendants' response was: "Defendants object to this interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence, and it

exceeds the scope of interrogatories permissible under S.D.N.Y. Local Civil Rule 33.3. Further, such information could be readily obtained through other discovery procedures."

18. Interrogatory #9 stated "Identify all building superintendents working in any building owned and or/managed by any Defendant who have complained to Defendants about alleged wage and hour violations, insufficient wages, insufficient overtime, and/or insufficient benefits for the period February 6, 2012 to the present." Defendants' response was "Defendants object to this interrogatory as it is premature, vague and overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and it exceeds the scope of interrogatories permissible under S.D.N.Y. Local Civil Rule 33.3. Further, such information could be readily obtained through other discovery procedures."

<u>Grounds Upon Which Plaintiff is Entitled to Prevail</u>

19. Plaintiff is entitled to prevail on this Motion to Compel under Fed. R. Civ. P. 26(b)(1), which provides:

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

20. In addition, Plaintiff is entitled to prevail on the instant Motion because, as set forth in the accompanying Memorandum of Law in Support, there is already evidence tending to show Defendants jointly employed Plaintiff, courts in this district have

regularly granted similar motions to compel, and even if Defendants had moved to bifurcate discovery, bifurcation would not be appropriate in this case.