UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
ALEJANDRO HUGGINS, on behalf of  :
himself and others similarly situated  :
  :
     *Plaintiff, and Lead*  :
     *Plaintiff for the Proposed*  :  Civil Action No. 18-001037-PAC
     *Class,*  :
  :
v  :
  :
CHESTNUT HOLDINGS INC.; 1425 U  :
LLC; and JONATHAN WIENER  :
  :
     *Defendants*  :
------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO OVERRULE OBJECTIONS TO AND TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES**

Table of Contents

INTRODUCTION ................................................................................................................... 1
BACKGROUND ..................................................................................................................... 1
LEGAL STANDARD.............................................................................................................. 2
ARGUMENT........................................................................................................................... 3
   Collective-Wide Discovery Should be Compelled at this Stage................................................. 3
      Defendants Jointly Employ Plaintiff ........................................................................ 4
      Collective-Wide Discovery is Regularly Granted at this Stage of Litigation ......................... 7
      Bifurcation is not Appropriate in this Case .............................................................. 8
   Joint Employer Discovery Should be Compelled to Continue .................................................. 10
   Any Further Delay in Discovery is Prejudicial to Plaintiff........................................................ 11
CONCLUSION...................................................................................................................... 12

Table of Authorities

**Federal Cases**

*Aharnare v. Merrill Lynch*, 770 F.2d 157 (2d Cir. 1985) ................................................................ 5
*Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 611 F. Supp. 344 (S.D.N.Y. 1984) .... 5
*Arculeo v. On–Site Sales & Marketing, LLC*, 425 F.3d 193 (2d Cir.2005) .................................... 4
*Charvat v. Plymouth Rock Energy, LLC*, No. 15 CV 4106 (JMA) (SIL), 2016 WL 207677 (E.D.N.Y. Jan. 12, 2016) ............................................................................................................. 8, 9
*City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 CIV. 9173 (ER), 2017 WL 633445 (S.D.N.Y. Feb. 14, 2017) ................................................................................... 10, 11
*Dias v. Cmty. Action Project, Inc.*, No. 07 CV 5163 (NGG) (RER), 2009 WL 595601 (E.D.N.Y. Mar. 6, 2009) ........................................................................................................................... 4, 9
*Fei v. WestLB AG*, No. 07 Civ. 8785(HB)(FM), 2008 WL 7863592 (S.D.N.Y. Apr. 23, 2008) ... 7
*Gainer v. United Auto. Aerospace Agric. Implement Workers (UAW) Region 9*, No. 08-CV-0501 (WMS) (MJR), 2017 WL 2988286 (W.D.N.Y. June 6, 2017) ....................................................... 5
*Gargano v. Diocese of Rockville Centre*, 888 F.Supp. 1274 (E.D.N.Y.1995) ................................ 4
*Gore v. RBA Grp., Inc.*, No. 03-CV-9442 (KMK) (JCF), 2008 WL 857530 (S.D.N.Y. Mar. 31, 2008) .................................................................................................................................................. 5
*Haight v. NYU Langone Med. Ctr., Inc.*, No. 13 CIV. 04993 LGS, 2014 WL 2933190 (S.D.N.Y. June 27, 2014) ............................................................................................................... 4, 5, 7
*Hines v. Overstock, Com, Inc.*, No. 09-CV-991 (SJ), 2010 WL 2775921 (E.D.N.Y. July 13, 2010) ..................................................................................................................................................... 10
*In re Zyprexa Injunction*, 474 F. Supp. 2d 385 (E.D.N.Y. 2007) .................................................... 3
*Jean-Louis v. Metro. Cable Commc'ns, Inc.*, No. 09 CIV. 6831 RJH MHD, 2010 WL 1778794 (S.D.N.Y. Apr. 29, 2010) ............................................................................................................... 9
*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184 (S.D.N.Y. 2014) ................... 3
*Laurin v. Pokoik*, No. 02 CIV. 1938 (LMM), 2004 WL 513999 (S.D.N.Y. Mar. 15, 2004) .......... 5
*MacCartney v. O'Dell*, No. 14-CV-3925 (NSR), 2018 WL 5023947 (S.D.N.Y. Oct. 17, 2018)2, 3
*NLRB v. Solid Waste Servs.*, Inc., 38 F.3d 93 (2d Cir.1994) ........................................................... 4
*Ruiz v. Citibank*, N.A., No. 10 CIV 5950 (JGK), 2011 WL 43509 (S.D.N.Y. Jan. 4, 2011) ..... 7, 8
*Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 CIV. 7787 (JCM), 2018 WL 1027161 (S.D.N.Y. Feb. 21, 2018) ........................................................................................................................... 7, 8
*United States v. Sanders*, 211 F.3d 711 (2d Cir. 2000) ................................................................. 3
*Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088 (RMB) (HBP), 2016 WL 616386 (S.D.N.Y. Feb. 16, 2016) .................................................................................................................................. 3
*Velez v. Sanchez*, 693 F.3d 308 (2d Cir. 2012) .............................................................................. 4
*Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 CIV. 1148 (LBS), 2010 WL 2362981 (S.D.N.Y. June 14, 2010) ............................................................................................................... 7
*Youngblood v. Family Dollar Stores, Inc.*, No. 09 CIV. 3176 RMB FM, 2011 WL 1742109 (S.D.N.Y. Jan. 5, 2011) ............................................................................................................. 7, 8

**Federal Statutes**

29 U.S.C. § 201 *et seq.* ................................................................................................................. 1

Case 1:18-cv-01037-PAC   Document 44   Filed 11/28/18   Page 4 of 16

**State Statutes**

New York Labor Law ("NYLL") §§ 190, 195 ................................................................................. 1

**Federal Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................. 2, 11
Fed. R. Civ. P. 33 .......................................................................................................................... 3
Fed. R. Civ. P. 34 .......................................................................................................................... 3
Fed. R. Civ. P. 37(a) ..................................................................................................................... 3
Fed. R. Evid. 401 .......................................................................................................................... 3
Fed.R.Civ.P. 42(b) ........................................................................................................................ 8

**State Regulations**

12 N.Y. Comp. Codes R. & Regs. ("NYCRR") §§ 146-2.2 and 2.3 ............................................ 1

iv

**INTRODUCTION**

Plaintiff filed a Complaint on behalf of himself and a putative class of all others similarly situated seeking class and collective certification, as well as seeking to recover unpaid wages, attorneys' fees, costs, and interest, liquidated damages, statutory damages, and declaratory and injunctive relief against Defendants. Plaintiff also asserted individual claims for damages resulting from his retaliatory termination. Plaintiff now moves to overrule Defendants' objections and compel the production of documents and responses to interrogatories related to collective-wide discovery, as well as discovery into the issue whether Defendants jointly employed Plaintiff, and to foreclose any further delay or bifurcation of discovery proceedings.

**BACKGROUND**

This case alleges minimum wage, overtime, and notice violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, the New York Labor Law ("NYLL") §§ 190, 195, and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") §§ 146-2.2 and 2.3, and is brought on behalf of Plaintiff and a putative class of individuals who worked for Defendants Chestnut Holdings Inc. and Jonathan Wiener. Plaintiff commenced this action in February 2018, with Alejandro Huggins as the sole class representative. ECF doc. no. 1.

Plaintiff filed his Second Amended Complaint on June 18, 2018, which added his individual retaliation claims. ECF doc. no. 31. Defendants filed an Answer to the Second Amended Complaint on July 9, 2018. ECF doc. no. 32. The initial pretrial conference was held on September 11, 2018, and a fact discovery deadline of January 7, 2019 was set. ECF doc. no. 35.

Beginning in September 2018, the parties engaged in limited discovery, including interrogatories and requests for production. Simpson Decl., ¶ 4. Defendants object to the production of any collective-wide discovery, including the names, addresses, and dates of

employment for superintendents employed by any Defendant. *See* ECF doc. no. 37. Defendants also objected to discovery requests relating to whether they jointly employed Plaintiff, even though Defendants contest whether Defendant Chestnut Holdings, Inc. ("Chestnut") employed Plaintiff. ECF doc. no. 32, 37. The parties, in good faith, held two telephonic meet and confer sessions on November 2 and November 7, 2018. Simpson Decl., ¶ 8. Despite their good faith attempts to resolve these discovery issues, the parties were unable to reach an agreement. *Id.*

It is no secret that Defendants' strategy in this case is to argue that Chestnut Holdings, an entity that owns and/or manages more than 100 multifamily properties in New York City and its surrounding area and presumably employs over 100 similarly situated building superintendents (ECF doc. No. 31, ¶ 13), is not Plaintiff's employer. Instead, Defendants would like the Court to believe that Defendant 1425 U LLC—which is essentially a shell entity—is Plaintiff's sole employer. As described below, this theory has been upended by the meager discovery produced by Defendants so far in this litigation, which shows unequivocally that Chestnut is Plaintiff's employer.

## LEGAL STANDARD

Under Fed. R. Civ. P. 26(b)(1),

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"This rule is liberally construed and is necessarily broad in scope . . . a request for discovery is considered relevant if there is a possibility that the information sought may have a bearing on '*any party's* claim or defense.'" *MacCartney v. O'Dell*, No. 14-CV-3925 (NSR),

2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018) (citations omitted) (emphasis in original). Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016). "Thus, the Rule 26(b)(1) standard presents a 'relatively low threshold' for a party to show that the material sought is relevant to any claim or defense in the litigation." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (quoting *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007)).

Fed. R. Civ. P. 37(a) provides that a party may move for an order compelling disclosure or discovery where, *inter alia*, an opposing party fails to make a disclosure required by Fed. R. Civ. P. 26(a), answer an interrogatory submitted under Fed. R. Civ. P. 33, or produce or permit inspection of documents under Fed. R. Civ. P. 34. Motions to compel made pursuant to Rule 37 are "entrusted to the sound discretion of the district court." *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000).

**ARGUMENT**

**A. Collective-Wide Discovery Should be Compelled at this Stage**

Defendants object to collective-wide discovery on the basis that "Plaintiff has not established that Defendants Chestnut Holdings, Inc. and Jonathan Wiener were joint-employers of Plaintiff, and Defendants deny that Defendants Chestnut Holdings, Inc. and Jonathan Wiener ever employed Plaintiff. Thus, at this stage, the basis does not exist for a connection to be made between Plaintiff and superintendents somehow linked to Defendants Chestnut Holdings, Inc. and Jonathan Wiener." ECF doc. no. 37. Defendants suggest that discovery should be bifurcated,

focusing first on the issue of joint employment before expanding to collective-wide discovery. *Id.* In fact, there is already plentiful evidence that the Defendants jointly employed Plaintiff, and further delay of discovery in order to fully decide this issue before continuing discovery on the merits will only prejudice potential opt-in Plaintiffs.

*1. Defendants Jointly Employ Plaintiff*

"'A joint employer relationship may be found to exist where there is sufficient evidence that the respondent had immediate control over the other company's employees.'" *Dias v. Cmty. Action Project, Inc.*, No. 07 CV 5163 (NGG) (RER), 2009 WL 595601, at *3 (E.D.N.Y. Mar. 6, 2009) (quoting *Gargano v. Diocese of Rockville Centre*, 888 F.Supp. 1274, 1278 (E.D.N.Y.1995) (quoting *NLRB v. Solid Waste Servs.*, Inc., 38 F.3d 93, 94 (2d Cir.1994))). "[J]oint employment 'assumes that [there] are separate legal entities, but that [those entities] handle certain aspects of their employer-employee relationship jointly.'" *Id.* (quoting *Arculeo v. On–Site Sales & Marketing, LLC*, 425 F.3d 193, 198 (2d Cir.2005)). "To conclude that there is joint employment, relevant factors may include 'commonality of hiring, firing, discipline, pay, insurance, records, and supervision.'" *Id.* (quoting *Solid Waste Servs.*, 38 F.3d at 94); *see also Velez v. Sanchez*, 693 F.3d 308, 326 (2d Cir. 2012)(stating the test for determining the "economic reality" of an alleged employment relationship is whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.")(internal quotation omitted). "However, '[t]he extent of the employer's right to control the means and manner of the worker's performance is the most important factor [,]' and other factors 'are then of marginal importance.'" *Haight v. NYU Langone Med. Ctr., Inc.*, No. 13 CIV. 04993 LGS, 2014 WL 2933190, at *11 (S.D.N.Y. June 27,

2014)(quoting *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 611 F. Supp. 344, 348 (S.D.N.Y. 1984), *aff'd sub nom. Aharnare v. Merrill Lynch*, 770 F.2d 157 (2d Cir. 1985)).

In *Gore v. RBA Grp., Inc.*, No. 03-CV-9442 (KMK) (JCF), 2008 WL 857530, at *5 (S.D.N.Y. Mar. 31, 2008), the Court denied the defendant's motion for summary judgment where an employee of the alleged joint employer admitted that he "(a) supervised [the plaintiff] on a day-to-day basis, (b) had the authority to discipline [the plaintiff], (c) assigned [the plaintiff] work (as did other [alleged joint employer] employees), (d) set [the plaintiff]'s schedule, (e) decided if [the plaintiff] got overtime or night work, and (f) could decide to transfer [the plaintiff]." The Court also noted, among other things, that the employer was involved in keeping records of the hours the plaintiff worked. *Id.*; s*ee also Laurin v. Pokoik*, No. 02 CIV. 1938 (LMM), 2004 WL 513999, at *9 (S.D.N.Y. Mar. 15, 2004) (denying summary judgment on the joint employer issue based on the disputed facts that, among other things, (1) the plaintiff "interact[ed] directly with" an employee of SPMC, the alleged joint employer, when she worked at a building owned by SPMC; (2) the plaintiff alleged that an SPMC employee had the authority to control the terms of her employment, in that "if [he] didn't want me to work there, I'm sure I wouldn't have worked there;" (3) she was told by her direct supervisor, when she mentioned she was working with SPMC employees to "do whatever they wanted her to do;" (4) an SPMC employee used the other employer's stationary for correspondence with a seller in a real estate deal; (5) SPMC's policies controlled office closing time during holidays; and (6) the two employers used the same benefits plan, even though their payroll and benefit plans were separate); *Gainer v. United Auto. Aerospace Agric. Implement Workers (UAW) Region 9*, No. 08-CV-0501 (WMS) (MJR), 2017 WL 2988286, at *13 (W.D.N.Y. June 6, 2017) (denying summary judgment on issue of whether the defendants could be considered joint employers

where, *inter alia*, the plaintiff "maintain[ed] that her work assignments, hours, compensation, vacation approvals and other day to day activities were controlled by" the supervisors of the purported joint employer).

Here, there is already enough evidence on the joint employer issue to move forward with collective-wide discovery. Some examples demonstrating Defendants'—and specifically Chestnut Holdings—joint employment of Plaintiff include (1) Mark Kaspiev, Chestnut's "Managing Field Director," stated in an email that "Mr. Huggins is currently employed with us," Simpson Decl., Ex. 2; (2) Ian Stowe, the "Field Manager of the premises on behalf of 1425 U LLC, c/o Chestnut Holdings," sent Plaintiff disciplinary reports concerning his job performance, Simpson Decl., Ex. 3; (3) a disciplinary report which changed Plaintiff's working hours was sent by Chestnut's Senior Field Manager, who stated he had "performed a weekly inspection of the building," showing he directly supervised Plaintiff's work, Simpson Decl., Ex. 4; (4) the Senior Field Manager who terminated Plaintiff's employment and the Chief Field Director who directed that his payroll be terminated were both Chestnut employees, Simpson Decl., Ex. 5; (5) the address on Plaintiff's paychecks (5676 Riverdale Avenue, Suite 307, Bronx, NY 10471) was Chestnut's address, Simpson Decl., Ex. 6; (6) Plaintiff's "Health Application Form" has "Chestnut Holdings" pre-filled as the "Employer," Simpson Decl., Ex. 7; (7) Maintenance logs completed by residents of 1425 University Avenue are printed on Chestnut letterhead, Simpson Decl., Ex. 8; (8) When Plaintiff requested time off, he did so by filling out a "Time Off Request Form" printed on Chestnut letterhead, Simpson Decl., Ex. 9; and (9) Memos regarding payroll changes and tax forms came on Chestnut letterhead, with the memo regarding tax forms addressed "[t]o all employees," Simpson Decl., Exs. 10-11. These examples of Chestnut controlling and supervising Plaintiff's work assignments, time off, hours, compensation, and

discipline easily meet the threshold established in the above cases. Most importantly, this evidence demonstrates that Chestnut controlled the "means and manner of [Plaintiff]'s performance," which is the most significant factor in determining joint employer status. *Haight*, 2014 WL 2933190, at *11. Therefore, Plaintiff has made a preliminary showing that he is jointly employed by Defendants.

    *2. Collective-Wide Discovery is Regularly Granted at this Stage of Litigation*

Courts in this district regularly permit and compel pre-certification discovery pertaining to putative class members. *See Youngblood v. Family Dollar Stores, Inc.*, No. 09 CIV. 3176 RMB FM, 2011 WL 1742109, at *3 (S.D.N.Y. Jan. 5, 2011) (stating that "[i]ndeed, a number of courts, in this district and elsewhere, have concluded that pre-certification disclosure of the names and addresses of putative class members in wage and hour cases is appropriate" and collecting cases); *Ruiz v. Citibank*, N.A., No. 10 CIV 5950 (JGK), 2011 WL 43509, at *1 (S.D.N.Y. Jan. 4, 2011) ("We have reviewed the body of caselaw submitted by the two sides and see no persuasive basis for automatically denying plaintiffs access to a contact list prior to conditional certification."); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 CIV. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("While some district courts have exercised this discretion to deny pre-certification disclosure of contact information, the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases."); *Fei v. WestLB AG*, No. 07 Civ. 8785(HB)(FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members."). Earlier this year, one court in this district granted a motion to compel the names and contact information of putative class members even *after* denying plaintiffs' conditional certification motion without prejudice. *See Shanfa Li v. Chinatown Take-*

7

*Out Inc.*, No. 16 CIV. 7787 (JCM), 2018 WL 1027161, at *6 (S.D.N.Y. Feb. 21, 2018)(ordering the "full names, job titles, last known mailing addresses, email addresses, telephone numbers, and dates of employment" for similarly situated employees of Defendants after plaintiffs' conditional certification motion was denied without prejudice "[i]n light of the remedial purpose of the FLSA and the Court's broad discretionary power."). "There is no question that the names and addresses of putative class members are relevant to Plaintiffs' motion for class certification." *Youngblood*, 2011 WL 1742109, at *2.

In *Ruiz*, the Court overruled objections to a magistrate judge's order granting the plaintiffs' request for production of a class list consisting of the names and contact information for all persons employed by the defendant during the class period. 2011 WL 43509, at *1. The Court noted that "the magistrate judge found that the list was relevant because it would disclose witnesses who would be useful for the collective motion and would speed the process of determining whether certification was appropriate." *Id.* Similarly, here, production of the names and contact information for all persons employed by Defendants during the relevant period would "speed the process of determining whether certification was appropriate" by allowing Plaintiff to determine whether other building superintendents employed by Defendants are similarly situated to Plaintiff. Therefore, the Court should exercise its discretion to order pre-certification discovery into potential class members.

### 3. Bifurcation is not Appropriate in this Case

Bifurcation of discovery in this case would not serve the ends that justify bifurcation in the cases cited by Defendants. "The standards applicable to motions to bifurcate discovery appear to be the same as those addressed under Fed.R.Civ.P. 42(b) governing separate trials, namely, the motion may be granted [f]or convenience, to avoid prejudice, or to expedite and

8

economize." *Charvat v. Plymouth Rock Energy, LLC*, No. 15 CV 4106 (JMA) (SIL), 2016 WL 207677, at *1 (E.D.N.Y. Jan. 12, 2016) (internal quotation omitted). "The moving party bears the burden of establishing that bifurcation is appropriate, and the decision to bifurcate is left to the Court's discretion." *Id.* at *2 (citation omitted).

In *Dias v. Cmty. Action Project, Inc.*, a case cited by Defendants in their letter at ECF doc. no. 37, the Court found that the allegations in the Complaint "plausibly suggest[ed]" that the defendants jointly employed the plaintiff, justifying discovery "on the threshold issue of single or joint employment." 2009 WL 595601, at *5, *7. The plaintiff's allegations included that the alleged joint employer's employees controlled the plaintiffs by monitoring and evaluating their performance, as well as training, assisting, and consulting with them. *Id.* at *4. *Dias* was decided at the motion to dismiss stage, apparently before any discovery had been conducted.[1] The *Dias* Court specifically noted that there was not enough evidence of a joint employer relationship at the time to grant the motion to dismiss, which it had converted to a motion for summary judgment. *Id.* at *7. This distinguishes *Dias* from the case at hand, where discovery is already well underway and, as discussed *supra*, there is already significant evidence that Defendants jointly employed Plaintiff.

Bifurcating discovery to first focus on the issue of joint employment will not serve the purposes of convenience, avoiding prejudice, or preserving judicial economy. Many of the

---

[1] Similarly, in *Jean-Louis v. Metro. Cable Commc'ns, Inc.*, another case cited by Defendants for the proposition that discovery should be bifurcated, the Court noted that "[n]o discovery seems to have taken place on the merits." No. 09 CIV. 6831 RJH MHD, 2010 WL 1778794, at *2 (S.D.N.Y. Apr. 29, 2010). However, *Jean-Louis* dealt with a motion by the plaintiffs to amend their pleadings to include an alleged joint employer, not a motion to compel or to bifurcate discovery. At the time *Jean-Louis* was decided, the "original scheduling order" had already "provided that fact discovery would initially focus on the joint-employer question and on subject-matter jurisdiction." *Id.* at *2. *Jean-Louis* is therefore inapposite to this case, where the current issue is whether to bifurcate the discovery schedule.

people who would need to be deposed on the joint employer issue would also need to be deposed on the merits of the case, requiring two depositions for each person instead of one. *See Hines v. Overstock, Com, Inc.*, No. 09-CV-991 (SJ), 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."). Significantly, Defendants did not raise the issue of bifurcation in the initial conference held on September 11, 2018. *Accord. id.* (finding it "significant[]" that defendant did not request bifurcated discovery at the initial conference, where the Court had set a single deadline for fact discovery).

Defendants should not now be allowed to unilaterally decide that discovery should be bifurcated through withholding information, where to date they have made no motion for bifurcation or raised the issue with the Court at all. Finally, gaining access to the names and contact information of potential opt-in Plaintiffs would allow Plaintiff to determine more quickly whether he is in fact similarly situated to those Plaintiffs, decreasing the time it would take to determine whether Defendants face exposure to a larger class of claims. The ends of convenience, avoidance of prejudice, and judicial economy are not served by bifurcating discovery at this stage.

### B. Joint Employer Discovery Should be Compelled to Continue

In addition to collective-wide discovery, Plaintiff is entitled to further discovery on the issue whether Defendants jointly employed him. The scope of discovery encompasses "any nonprivileged matter that is relevant to *any party's* claim or defense" (emphasis added). This includes affirmative defenses. *See City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 CIV. 9173 (ER), 2017 WL 633445, at *5 (S.D.N.Y. Feb. 14, 2017) (setting aside as clearly

erroneous an order issued by a magistrate judge where the order precluded without basis discovery of information relevant to one of the defendant's affirmative defenses).

Defendants "maintain that discovery relating to current and past owners, officers, and/or shareholders of each Defendant is not reasonably calculated to lead to the discovery of admissible evidence."[2] ECF doc. no. 37. But Defendants, in their Answer to Plaintiff's Second Amended Complaint (ECF doc. no. 32), assert as an affirmative defense that they "did not operate as a single integrated enterprise, and are not a joint employer for the purposes of the FLSA or NYLL." Ownership and control of each Defendant is clearly relevant to this affirmative defense. Discovery into Defendants' current and past owners, officers, and/or shareholders should therefore be compelled.

### C. Any Further Delay in Discovery is Prejudicial to Plaintiff

By simultaneously claiming that collective-wide discovery is premature without evidence of joint employment and opposing discovery into the joint employment issue, Defendants attempt to create a catch-22 that prevents Plaintiffs from accessing the information necessary to determine whether certification of a collective is appropriate. Defendants' opposition has already resulted in a significant delay of collective-wide discovery, and the statute of limitations continues to run every day. Defendants' request for bifurcation at this late date is prejudicial to Plaintiff because it will delay discovery into potential collective members even further and, without a tolling agreement, each day that passes reduces the claims of potential collective members. Therefore, Plaintiff respectfully requests that the Court order discovery to proceed without further delays.

---

[2] Defendants reference the incorrect standard for determining discoverability. The correct standard, as amended in 2015, is "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be granted.

Dated: New York, New York
       November 28, 2018

                                        BERANBAUM MENKEN LLP

                            By:    /s/ Brenna Rabinowitz
                                        Brenna Rabinowitz
                                        Scott Simpson
                                        80 Pine Street, 33rd Floor
                                        New York, NY 10005
                                        Tel.: 212-509-1616
                                        Fax: 212-509-8088