UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
ALEJANDRO HUGGINS, on behalf of : 
himself and others similarly situated :
                                     :
             *Plaintiff, and Lead*    :
             *Plaintiff for the*      :
             *Proposed Class,*        :
                                     : Civil Action No. 1:18-cv-01037 (PAC)
v                                    :
                                     :
CHESTNUT HOLDINGS OF NEW YORK, :
INC.; 1425 U LLC; and JONATHAN :
WIENER                               :
                                     :
             *Defendants*              :
-------------------------------------------------x


MEMORANDUM OF LAW IN OPPOSITION OF MOTION TO OVERRULE OBJECTIONS
TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND
INTERROGATORIES

# TABLE OF CONTENTS

INTRODUCTION AND FACTUAL BACKGROUND ................................................................ 1

ARGUMENT .................................................................................................................................... 2

   A.   DISCOVERY SHOULD BE BIFURCATED .................................................................. 2

   B.   PLAINTIFF'S JOINT EMPLOYER DISCOVERY DEMANDS ARE NOT PROPORTIONAL TO THE NEEDS OF THIS CASE ........................................................ 4

   C.   PLAINTIFF HAS NOT SHOWN THAT THE COLLECTIVE IS SIMILARY SITUATED ....................................................................................................................... 5

   D.   THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL BECAUSE PLAINTIFF'S INTERROGATORIES AND DOCUMENT DEMANDS ARE OVERBROAD AND SUFFICIENTLY VAGUE ............................................................................................. 5

CONCLUSION ................................................................................................................................ 9

# Cases

*BSN Med., Inc. v. Parker Med. Assocs., LLC*, No. 10 MISC 15, 2011 WL 197217, (S.D.N.Y. Jan. 19, 2011) .................................................................................................................. 3

*Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137 (S.D.N.Y. 2012) .................................. 8

*Dias v. Cmty. Action Project, Inc.*, No. 07 CV 5163 (NGR) (RER), 2009 Wl 595601 (E.D.N.Y. Mar. 6, 2009) ...................................................................................................... 4

*Fears v. Wilhelmina Model Agency, Inc.,* No. 02 CIV. 491, 2004 WL 719185 (S.D.N.Y. Apr. 1, 2004) ................................................................................................................... 3

*Gargano v. Diocese of Rockville Centre*, 888 F.Supp. 1274 (E.D.N.Y.1995) ............................... 4

*In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72 (S.D.N.Y. 2007) ..................................................... 3

*Lapointe v. Target Corp.,* No. 16-CV-216 (GTS/CFH), 2017 WL 3288506 (N.D.N.Y. Mar. 24, 2017) ................................................................................................................... 9

*NLRB v. Solid Waste Servs.*, Inc., 38 F.3d 93 (2d Cir.1994) ......................................................... 4

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978) ............................................................. 5

*Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 CIV 6198 (LAK) (JCF), 2007 WL 1521117 (S.D.N.Y. May 24, 2007) ............................................................................ 8

*Stebbins v. S&P Oyster Co.*, No. 3:16CV00992 (AWT), 2017 WL 1246334 (D. Conn. Apr. 3, 2017) ................................................................................................................... 8

# Rules

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 5

**INTRODUCTION AND FACTUAL BACKGROUND**

The Defendants in this case are Chestnut Holdings of New York, Inc. ("Chestnut Holdings"), 1425 U LLC, and Jonathan Wiener (collectively "Defendants"). Chestnut Holdings is a real estate investment and property management firm. 1425 U LLC owns the residential property located at 1425 University Avenue, Bronx, New York 10452 and employed Plaintiff Alejandro Huggins ("Plaintiff") as a superintendent. Chestnut Holdings provides property management services to 1425 U LLC. Defendant Jonathan Wiener is the President of Chestnut Holdings.

On February 6, 2018, Plaintiff Alejandro Huggins ("Plaintiff") commenced this action against the Defendants in the United States District Court, Southern District of New York alleging violations of the Fair Labor Standards Act and New York Labor Law. *See* Moreland Decl. ¶ 3. Since the commencement of this action, Plaintiff has amended his complaint twice, with the Second Amended Complaint being filed on June 18, 2018. *See* Moreland Decl. ¶ 4, ECF No. 31. Defendants filed their answer to the Second Amended Complaint on July 9, 2019. *See* Moreland Decl. ¶ 4, ECF No. 32. The parties are conducting discovery according to the Civil Case Management Plan and Scheduling Order, dated September 11, 2018. *See* ECF No. 35. After the initial exchange of discovery responses, the parties held, in good faith, two telephonic meet and confer conferences on November 2, 2018 and November 7, 2018. *See* Moreland Decl. ¶ 7.

Though the parties were able to settle several of the discovery issues through these conferences, the parties could not reach resolution on Plaintiff's request for collective-wide discovery and discovery relating to the joint-employer status of the Defendants. Plaintiff continues to request that Defendants produce collective discovery, though the issue of whether Defendants are joint-employers, especially with those non-party entities affiliated with

1

Defendants, remains subject to the Court's adjudication. Plaintiff's collective discovery demands are premature, overbroad and burdensome. On these bases, Defendants have not responded to certain of Plaintiff's discovery requests.

Plaintiff thus filed the instant Motion to Compel Responses to Requests for Production and Interrogatories on November 28, 2018 (the "Motion to Compel"). *See* ECF No. 44. Defendants hereby submit this memorandum of law in opposition to Plaintiff's Motion to Compel.

## ARGUMENT

### A.  DISCOVERY SHOULD BE BIFURCATED

The issue of whether Chestnut Holdings, 1425 U LLC and Jonathan Wiener are joint employers with all the buildings owned by and/or managed by Chestnut Holdings, 1425 U LLC and/or Jonathan Wiener is an issue that must be addressed by the Court prior to collective-wide discovery. Chestnut Holdings, as a property management firm, is responsible for handling issues at the properties it manages and dealing directly with prospects, tenants, and employees. Many such management firms exist and provide similar services.

Though management firms handle employee related issues on behalf of properties, many management firms do not directly employ the properties' employees. In this respect, management firms serve as an "outsourced" human resources department and can act as agent for its clients. Chestnut Holdings provides human resources support for many of its clients, though it does not directly employ these clients' employees.

Even assuming, *arguendo,* that Chestnut Holdings and 1425 U LLC are joint-employers, to argue that through Chestnut Holdings, 1425 U LLC is a joint employer with all other buildings managed by Chestnut Holdings is fallacious and illogical. Plaintiff's line of logic, when applied

2

to the building services industry, requires that all properties who utilize the services of a property management firm to manage their employees are automatically a joint-employer with all of the property management firm's clients.  In other words, this would mean that entirely separate legal entities, when managed by a common property management firm, are joint-employers. This argument attempts to redefine the entire nature of the management and consulting industries and cannot prevail.

Requiring collective-discovery from every building owned by and/or managed by Chestnut Holdings, regardless of whether the building is in fact a joint-employer, is therefore premature and overbroad. *See BSN Med., Inc. v. Parker Med. Assocs., LLC*, No. 10 MISC 15, 2011 WL 197217, at *2 (S.D.N.Y. Jan. 19, 2011) *quoting Fears v. Wilhelmina Model Agency, Inc.*, No. 02 CIV. 491, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004) ("[W]here, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party."); *see also In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 74 (S.D.N.Y. 2007) (finding that where discovery is sought from third parties, "the Court must weigh the probative value of the information against the burden of production on said non-parties")*;*

Boundaries need to be drawn around those entities that are in fact joint-employers before collective-discovery is allowed to proceed, in order to ensure that the collective-discovery is relevant and that non-parties are not facetiously drawn into this action. As such, the joint employer issue should be addressed prior to broader class and merits discovery.

Plaintiff argues that it is significant that Defendants did not raise the issue of bifurcation during the initial conference held on September 11, 2018. *See* Motion to Compel, at p. 10. At that time, Defendants were not aware of and could not have anticipated the extent and scope of

Plaintiff's discovery demands. Plaintiff's discovery demands were served on Defendants on September 14, 2018. *See* Moreland Decl., Exs. 1-2. Thus, Plaintiff's suggestion that Defendants did not timely raise this issue and that Defendants' position is somehow diminished by not raising this issue during the initial conference is improper.

## B. PLAINTIFF'S JOINT EMPLOYER DISCOVERY DEMANDS ARE NOT PROPORTIONAL TO THE NEEDS OF THIS CASE

Plaintiff focuses in his Motion to Compel on the request for "[a]ll documents reflecting, referring to, relating to, or setting out all current and past owners, officers, and/or shareholders of each Defendant." Motion to Compel, at p. 10. Defendants maintain that such discovery is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of this case.

As an individual Defendant, Jonathan Wiener does not have current and past owners, officers, and/or shareholders. On Chestnut Holdings and 1425 U LLC, Plaintiff cites in his Motion to Compel multiple cases with the theme of joint employer relationships being established where "there is sufficient evidence that the respondent had immediate control over the other company's employees." *Dias v. Cmty. Action Project, Inc.*, No. 07 CV 5163 (NGR) (RER), 2009 Wl 595601, at *3 (E.D.N.Y. Mar. 6, 2009) (quoting *Gargano v. Diocese of Rockville Centre*, 888 F.Supp. 1274, 1278 (E.D.N.Y.1995) (quoting *NLRB v. Solid Waste Servs., Inc.*, 38 F.3d 93, 94 (2d Cir.1994))). *See* Motion to Compel, at p. 4.

Though Defendants contend that they are not joint-employers and that Chestnut Holdings and Jonathan Wiener never employed Plaintiff, Plaintiff states that he believes "there is already enough evidence on the joint employer issue to move forward with collective-wide discovery," *id*. at p. 6, and "there is already significant evidence that Defendants jointly employed Plaintiff," *id.* at p. 9.

4

Plaintiff argues that the crux of a joint employer argument is the demonstration of immediate control over the employees and Plaintiff acknowledges that he has enough evidence to prove this immediate control. Plaintiff then recants later in his Motion to Compel and seeks to compel the production of information on all current and past owners, officers, and/or shareholders of each Defendant. *See* Motion to Compel, at p. 10. As Plaintiff has affirmatively represented that Plaintiff has "enough evidence" and "significant evidence" on this argument, Plaintiff's request for further information from the Defendants, especially information that Defendants find sensitive (i.e. information on its shareholders), is not proportional to the needs of this case.

## C. PLAINTIFF HAS NOT SHOWN THAT THE COLLECTIVE IS SIMILARLY SITUATED

As Plaintiff has not demonstrated with certainty the joint-employment relationship between all buildings owned by and/or managed by Chestnut Holdings, 1425 U LLC and/or Jonathan Wiener, Plaintiff cannot show that the proposed collective is similarly situated. Thus, Plaintiff's request for pre-certification disclosure of all putative class members is premature.

## D. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL BECAUSE PLAINTIFF'S INTERROGATORIES AND DOCUMENT DEMANDS ARE OVERBROAD AND SUFFICIENTLY VAGUE

Discovery, "like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). A district court therefore must limit discovery if it determines, among other things, that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff, through his document demands, *see* Ex. 2, seeks:

No. 11 - All documents reflecting, referring, or relating to the job descriptions, responsibilities, hours, and/or compensation of building superintendents, including Plaintiff and those similarly situated, working in:
   a) Defendant 1425 University Ave, Bronx NY 10452;
   b) any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;
   c) any building owned by and/or managed by Defendant Jonathan Wiener

No. 13 - All documents reflecting, referring, or relating to any complaints about the compensation of any superintendent for the period February 6, 2012 to the present, including but not limited to minimum wages, overtime, and benefits, made to:
   a) Defendant 1425 University Ave, Bronx NY 10452;
   b) any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;
   c) any building owned by and/or managed by Defendant Jonathan Wiener.

No. 16 - All documents reflecting names and addresses of all other individuals from February 6, 2012 to the present who were worked as superintendents and/or performed the same or similar work tasks for Plaintiff for:
   a) Defendant 1425 University Ave, Bronx NY 10452;
   b) any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;
   c) any building owned by and/or managed by Defendant Jonathan Wiener.

No. 17 - Attendance and earnings records for all other individuals who performed the same or similar work tasks for Defendants.

No. 18 - All offer letters, contracts, and/or other documents reflecting or referring to the initial offers of employment to Plaintiff, and/or any other individuals employed during the relevant time period who performed the same or similar duties as Plaintiff for:
   a) Defendant 1425 University Ave, Bronx NY 10452;
   b) any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;
   c) any building owned by and/or managed by Defendant Jonathan Wiener.

No. 19 - All documents or schedules concerning or reflecting work assignments during the period of Plaintiffs' employment, given to Plaintiff and/or any other individual who performed the same or similar duties as Plaintiff during the relevant time period for:
   a) Defendant 1425 University Ave, Bronx NY 10452;
   b) any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;
   c) any building owned by and/or managed by Defendant Jonathan Wiener.

Plaintiff also seeks, through his interrogatories, *see Ex. 2*, for Defendants to:

No. 6 - Identify all individuals who from February 6, 2012 to the present, worked as a building superintendent:
   a) for Defendant 1425 University Ave, Bronx NY 10452;

> b) in any building owned by and/or managed by Defendant Chestnut Holdings, Inc.;
> c) in any building owned by and/or managed by Defendant Jonathan Wiener.
>
> Include the approximate dates of each individual's employment and the address of the building where each individual worked.
>
> No. 9 - Identify all building superintendents working in any building owned and or/managed by any Defendant who have complained to Defendants about alleged wage and hour violations, insufficient wages, insufficient overtime, and/or insufficient benefits for the period February 6, 2012 to the present.

In support of Plaintiff's Motion to Compel discovery on these demands, Plaintiff cites a number of cases that address solely the disclosure of the names, contact information, and dates of employment of putative class members. *See* Motion to Compel, at p. 7. Plaintiff cites no cases that support Plaintiff's request for information and documents beyond the contact information and dates of employment of putative class members.

The requests that most resemble the discovery permitted in the cases cited by Plaintiff are Interrogatory No. 6 and Request for Production No. 16. *See* Exs. 1-2. However, in Interrogatory No. 6, Plaintiff seeks to have Defendants "identify" certain building superintendents. *See* Ex. 1. Plaintiff defines the instruction of identifying as giving "the a) name, job title, department, and age of the person or b) title, description, contents, and custodian of the document." *See id*. at p. 2. In Request for Production No. 16, Plaintiff seeks "[a]ll documents reflecting names and addresses" of the putative class members. *See* Ex. 2.

Plaintiff's Interrogatory No. 6 seeks the names of putative class members but does not seek their contact information. It also seeks the ages of the putative class members, but Plaintiff has provided no authority to validate such request.

Plaintiff's Request for Production No. 16 seeks an overbroad and extensive production of *all* documents which contain the names and addresses of any putative class member. Plaintiff's

Request for Production No. 16 therefore seeks documents that likely contain more than contact information, such as documents from the individual's personnel file and pay stubs.

As such, it is notable that Plaintiff does not request through his discovery demands a simple disclosure of the contact information of class members. Plaintiff instead seeks to have the Court order the production of the contact information of putative class members, though Plaintiff himself has not once made this specific request of Defendants. Thus, Plaintiff's Motion to Compel discovery on the contact information of putative class members attempts to circumvent Rule #3C of this Court's Individual Practices.

Furthermore, Plaintiff's Request for Production No. 16 and other requests for discovery on the merits of the collective claims is inappropriate. *See Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 CIV 6198 (LAK) (JCF), 2007 WL 1521117, at *4 (S.D.N.Y. May 24, 2007) ("[P]re-certification discovery on the merits of the class claims is generally inappropriate."); *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) ("[P]laintiffs are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification. Plaintiffs cannot take class action discovery, at great expense to defendants, as if their class motion already was granted. The costs of extensive discovery have long been recognized as a factor forcing defendants to settle even meritless cases."); *Stebbins v. S&P Oyster Co.*, No. 3:16CV00992 (AWT), 2017 WL 1246334, at *5 (D. Conn. Apr. 3, 2017) (finding that "extensive discovery regarding wages, tips, and hours worked for putative class members is not appropriate" before the case is conditionally certified as a collective action.)

At this stage of the action, Plaintiff is only entitled to demand information that is not overly broad and that is proportional to the information which Plaintiff needs to pursue conditional certification. *See Lapointe v. Target Corp.,* No. 16-CV-216 (GTS/CFH), 2017 WL

8

3288506, at *3 (N.D.N.Y. Mar. 24, 2017). It is not appropriate for Plaintiff to demand the contact information of all superintendents at the buildings owned by and/or managed by Chestnut Holdings, 1425 U LLC and/or Jonathan Wiener, as discussed *supra*. It is further unsuitable for Plaintiff to engage in pre-certification merit discovery that would be superfluous and unnecessary in Plaintiff's pursuit of conditional certification.

Therefore, Plaintiff's collective-wide interrogatories and document demands are overbroad and Plaintiff's request for discovery to proceed on these demands should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel and award Defendants other and further relief that the Court deems just and proper.

Dated:   December 3, 2018                    Respectfully Submitted,
         New York, New York                  *Attorneys for Defendants*

                                             CLIFTON BUDD & DeMARIA, LLP

                                             By: _____
                                                 Daniel C. Moreland (DM-2672)
                                                 Neresa De Biasi (ND-8028)
                                                 350 Fifth Avenue, Suite 6110
                                                 New York, New York 10118
                                                 Telephone:   (212) 687-7410
                                                 Facsimile:   (212) 687-3285