```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEJANDRO HUGGINS, on behalf of                 :
himself and others similarly situated,          :
                                                :
               Plaintiff,                       :    18-cv-1037 (PAC)
                                                :
          - against -                           :    OPINION & ORDER
                                                :
CHESTNUT HOLDINGS INC., 1425 U                  :
LLC, and JONATHAN WIENER,                       :
                                                :
               Defendants.                      :
------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Alejandro Huggins moves for conditional certification of a Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b). The motion for conditional certification of the collective class action is GRANTED in part as described below. The Court determines that any decision on equitable tolling and joint-employer status would be premature until further discovery is conducted. The Court directs the Parties to meet and confer on the disclosure of contact information for putative opt-in members of the collective and on an appropriate notice and consent form to be jointly submitted to the Court no later than July 10, 2020.

## DISCUSSION

### I. Standard

The FLSA provides that "[n]o employee shall be a party plaintiff to [an FLSA collective action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The Second Circuit has laid out a two-stage process for the certification of FLSA collective actions:

At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law.  At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs.

*Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)) (internal citations omitted).  *See also Scott v. Chipotle Mexican Grill*, 954 F.3d 502, 515 (2d Cir. 2020).

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.   Plaintiffs carry a "minimal" burden on this initial inquiry and need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Xuguang Chang v. CK Tours, Inc.*, 18 Civ. 6174 (PAC), 2019 WL 1873022, at *1 (S.D.N.Y. Apr. 26, 2019) (quoting *Myers*, 624 F.3d at 554–55).

**II.     Application**

    **A. Conditional Certification of Collective Action**

The Plaintiff seeks conditional certification of a collective consisting of "current and former superintendents of all residential apartment buildings owned" by the Defendants and who worked for the Defendants between February 6, 2012 and the present day and were not paid in violation of the FLSA.  (Dkt. 62, at 1).

Here, the Plaintiff has made the required "modest factual showing" that there may be additional potential collective action members who were victims of a common policy or plan that allegedly violated the law. *Myers*, 624 F.3d at 555. The Plaintiff here has submitted his own declaration in which he describes his allegations that the Defendants failed to pay him minimum wage and overtime, and in which he recounts his conversations with two superintendents at other buildings owned by the Defendants who allegedly suffered the same violations. (Huggins Decl., Dkt. 63, Ex. 2, at 3–4). The declaration of opt-in plaintiff Clinton Jack makes the same allegations, and recounts discussions with two more superintendents who described the same alleged violations on the part of the Defendants. (Jack Decl., Dkt. 63, Ex. 3, at 3–4). Declarations by Zenon De La Rosa and George Nieves also support conditional certification of the proposed collective action. (De La Rosa Decl., Dkt. 63, Ex. 4; Nieves Decl., Dkt. 63, Ex. 5). This is enough to indicate that there is a broader class of building superintendents employed by the Defendants who may have been subject to the same alleged FLSA violations. *See Xuguang Chang*, 2019 WL 1873022, at \*1.

The Defendants encourage the Court to engage in a searching examination of the Plaintiffs submissions. (Dkt. 66, at 10–21). They ask the Court to decline to exercise its discretion and not conditionally certify the collective action. (*Id.* at 12). But the Plaintiffs need not put forth the particularized information that the Defendants would have the Court demand of them at this stage; they can instead pass the bar for conditional certification "relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other class members." *Hallissey v. America Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112, at \*1 (S.D.N.Y. 2008).

3

### B. Equitable Tolling and Joint-Employer Status

The Defendants argue that they do not constitute a joint employer of the Plaintiffs for purposes of an action under the FLSA and urge the Court to deny conditional certification of the collective action on these grounds as well. (Dkt. 66, at 1–3). Separately, the Plaintiffs ask for equitable tolling of the FLSA statute of limitations from October 30, 2018 to the date of this Order. (Dkt. 62, at 18). The Court cannot determine these issues until further discovery is conducted. These issues will be considered at step two of the collective action determination.

### CONCLUSION

The Court directs the Parties to meet and confer on the disclosure of contact information for putative opt-in members of the collective action and on an appropriate notice and consent form to be jointly submitted to the Court no later than July 10, 2020. The Clerk of Court is directed to close the motion at Docket 61.

Dated: New York, New York
      May 29, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge