UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEJANDRO HUGGINS, on behalf of          :
Himself and others similarly situated,   :
                                         :
               *Plaintiff*,          :          18-cv-1037 (PAC)
                                         :
            - *against* -            :          **ORDER**
                                         :
CHESTNUT HOLDINGS INC., 1425 U           :
LLC, and JONATHAN WIENER,                :
                                         :
               *Defendants*.         :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      The Plaintiffs in this Fair Labor Standards Act ("FLSA") action moved for conditional certification of their collective action under 29 U.S.C. § 216(b).  On May 29, 2020 this Court granted conditional certification under the two-step process established by the Second Circuit, permitting notice to be sent to potential opt-in plaintiffs.  *Huggins v. Chestnut Holdings Inc.*, 18-cv-1037 (PAC), 2020 WL 2787628, at *1 (S.D.N.Y. May 29, 2020).  Defendants Chestnut Holdings and Jonathan Weiner move for reconsideration on the grounds that the Court overlooked controlling authority and its own prior opinion, and committed plain error, when it "fail[ed] to make any finding on the threshold issue of whether Chestnut Holdings or Weiner employed any superintendents, under a joint employment theory or otherwise."  Dkt. 74, Attach. 1, at 1–2.  The motion is DENIED.

      The Defendants clearly would prefer to be done with this litigation.  It is a preference they share with many defendants.  However, their joint-employer argument was premature on the motion for conditional certification, the Court said so at the time, and it remains untimely.  *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 69 (D. Mass. 2018) (finding that the

defendant's joint-employer argument "involve[d] fact-intensive inquiries that should not be addressed on this undeveloped record and are more appropriate for consideration at stage two of the collective action certification process"); *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 239 (D. Me. 2011) ("These issues are properly reserved for dispositive motions or for the second stage of the class certification process."). The Defendants do not cite a single case, much less a controlling authority, for the principle that the Court must decide the joint-employer issue at the first step of certifying the collective action.

"The party moving for reconsideration must 'point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *In the Matter of Energetic Tank*, 1:18-Cv-1359 (PAC) (RWL), 2020 WL 978257, at *1 (S.D.N.Y. Feb. 28, 2020) (quoting *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Here, the sole authority to which the Defendants refer is this Court's own earlier Order compelling discovery in which it observed that "[r]esolution of this joint-employer issue will have a critical impact on the scope of this litigation, as well as its viability as a collective action." *Huggins v. Chestnut Holdings Inc.*, 18 Civ. 1037 (PAC), 2019 WL 2616252, at *3 (S.D.N.Y. June 25, 2019). That matter-of-fact statement clearly did not commit the Court to ruling on joint-employer status on limited discovery at the first stage of the certification process. The Court's observation was furthermore made in the context of the Defendants' persistent "refus[al] to produce any of the proposed collective action discovery, including . . . discovery requests relating to whether they jointly employed Plaintiff." *Id.* at *2.

Finally, the Court clearly addressed the joint employer issue in its conditional certification Order when it reserved ruling until step two of the collective action determination, after "further discovery is conducted." *Huggins*, 2020 WL 2787628, at *2. As a result, this

motion for reconsideration is nothing other than "an attempt to 'relitigate an issue already decided.'" *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinective Tech. and Versys Femoral Head Prods. Liab. Litig.*, MDL No. 2859, 2020 WL 1812801, at *2 (S.D.N.Y. Apr. 9, 2020) (quoting *Schrader*, 70 F.3d at 257).

The motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at Docket No. 74.

Dated: New York, New York
      July 15, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge