UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ALEJANDRO HUGGINS, on behalf of
himself and others similarly situated,

                 18 Civ. 1037 (PAC)

      *Plaintiffs*,

  *-against-*              **OPINION & ORDER**

CHESTNUT HOLDINGS INC.; 1425 U
LLC; and JONATHAN WIENER,

      *Defendants*.
------------------------------------------------------------X

On May 29, 2020, the Court conditionally certified this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Op. & Order 4, ECF No. 72. The Court subsequently granted Plaintiffs' motion to extend the notice period by 45 days, making opt-in consent forms due February 18, 2021. Order 1, ECF No. 100. Defendants now move to "strike as untimely three late-filed consents to join . . . and dismiss the claims of three putative opt-in plaintiffs, Noberto Rozon, Jose Alcantara, and Andres Rodriguez (collectively, the 'Late Opt-ins'), without prejudice." Mem. Supp. 1, ECF No. 121. Defendants chiefly argue (1) that the Court cannot, on this record, assess whether the Late Opt-ins have shown good cause for their delay (*id.* at 5–7; Reply 2, ECF No. 124) and that allowing the Late Opt-ins to join the collective action would (2) "render the Court's orders meaningless" (Mem. Supp. 2; *see also id.* at 9; Reply 4) and (3) prejudice Defendants by exposing them to additional discovery costs (Mem. Supp. 8–9; Reply 2–3, 6). Upon balancing the factors set forth in *Benavidez v. Piramides Mayas Inc.*, the Court finds that the Late Opt-ins should be allowed to join the collective action;

1

accordingly, Defendants' motion to strike is denied. Nos. 09 Civ. 5076, 09 Civ. 9574, 2013 WL 1627947, at *3 (S.D.N.Y. Apr. 16, 2013).

When deciding whether to deem late opt-in consent forms timely in an FLSA action, "courts consider factors such as (1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Id.* (quoting *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (internal quotations omitted). None of these factors is dispositive. *See id.* (accepting late opt-ins who did not provide good cause where defendants would not suffer prejudice); *Ruggles*, 687 F. Supp. 2d at 37 (accepting late opt-ins who did not offer good cause, because "all of the other factors weigh[ed] in their favor.").

*First*, Rozón and Rodriguez have shown good cause for their late submissions. They both submitted declarations[1] in opposition to Defendants' motion to strike, explaining that they (1) did not receive the notice and consent forms until after the February 18 deadline had passed, and (2) did not receive any text message notice about this lawsuit. Decl. Opp'n Ex. 2 ¶¶ 3–4, ECF No. 122–2; Decl. Opp'n Ex. 3 ¶¶ 3, 5, ECF No. 122–3. Rozón did not receive the notice and consent form until on or about February 23, 2021, because it was sent to his previous address; he filed his consent form three days after he got it, on February 26. Decl. Opp'n Ex. 2 ¶¶ 2–3; *see Saleem v. Corp. Transp. Grp., Ltd.*, No. 12 Civ. 8450, 2013 WL 6331874, at *2 (S.D.N.Y. Dec. 5, 2013) (finding good cause where notice was sent to plaintiff's prior address).

---

[1] Defendants argue that Plaintiffs' counsel did not procure affidavits from the Late Opt-ins in response to Defendants' letter requesting a pre-motion conference in advance of their motion to strike, and "[f]or this reason alone the Court should find that good cause does not" exist. Affidavits are not necessary for the Court to find good cause. *See Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 121–122 (E.D.N.Y. 2011) (explaining that in a case in which the court required affidavits, that court had specifically "directed any late-filers to submit affidavits.").

2

Rodriguez does not know why he did not receive the notice and consent form until March 3, 2021, but relays that mail delivery in his building "was significantly delayed in early 2021 because our regular mail delivery person passed away due to COVID-19." Decl. Opp'n Ex. 3 ¶ 4. Rodriguez filed his consent form on March 8, 2021, five days after he got it. *Id.* at ¶ 3. Obviously, Rodriguez is not responsible for mail delays in the time of COVID-19. *See Lubas v. JLS Grp., Inc.*, No. 18-CV-6611, 2021 WL 1725697, at *2 (E.D.N.Y. Apr. 9, 2021).

Alcantara has not shown good cause for his late submission, but that alone does not preclude him from joining this collective action. Alcantara received the notice and consent form in January 2021, but lost track of the filing deadline because he was moving out of his apartment. Decl. Opp'n Ex. 1 ¶ 3, ECF No. 122–1. Alcantara did not file his consent form until March 2, 2021. *Id.* Other courts have found similar excuses insufficient to establish good cause. *See, e.g., Saleem*, 2013 WL 6331874, at *2 (holding that putative plaintiffs' "failures . . . to keep track of their own affairs do not constitute good cause."). Nevertheless, the Court accepts Alcantara's submission because, as explained below, all the other factors weigh in favor of allowing him to join this collective action.

*Second*, Defendants will not be prejudiced by the addition of the Late Opt-ins. Fact discovery will not close until June 28, 2021, so the addition of the Late Opt-ins does not threaten to delay discovery. Revised Civil Case Mgmt. Plan & Sched. Order 1, ECF No. 114; *Lubas*, 2021 WL 1725697, at *2. There is no pending motion for summary judgment, and the Court has not set a trial date. *See Bayas v. Marathon Serv. Ctr., Inc.*, No. 16 CV 356, 2017 WL 10745150, at *6 (E.D.N.Y. Apr. 17, 2017) (finding no prejudice in same circumstances). Moreover, deposing the Late Opt-ins and obtaining document discovery from them in this collective action will not prejudice Defendants, as they acknowledge that the Late Opt-ins could file their own

separate lawsuits against Defendants (which they would have to answer, defend against, *and* conduct discovery in). Mem. Supp. 2; Reply 3, 7; *Lubas*, 2021 WL 1725697, at *2.

*Third*, all three of the Late Opt-ins filed their consent forms within three weeks of the February 18 deadline, so they are not unduly late. *See id.* at *2–3 (characterizing a two-week delay as *de minimis*); *Benavidez*, 2013 WL 1627947, at *3 (accepting plaintiff who opted in nearly three months after the deadline in the absence of prejudice to the defendants).

*Fourth*, judicial economy clearly favors joinder. "Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future" pursuant to Federal Rule of Civil Procedure 42(a). *Ruggles*, 687 F. Supp. 2d at 38.

*Fifth* and finally, the FLSA's remedial purposes, "to prevent abuses by unscrupulous employers[] and remedy the disparate bargaining power between employers and employees," are best served by allowing the Late Opt-ins to join this collective action. *Bayas*, 2017 WL 10745150, at *7 (quotation omitted); *Ruggles*, 687 F. Supp. 2d at 38 ("[W]ith respect to the FLSA, '[a] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." (citation omitted; second alteration in original)).

Therefore, the Court accepts the Late Opt-ins as plaintiffs in this collective action; Defendants' motion to strike their consent forms and dismiss their claims is DENIED. The Clerk of Court is directed to close the motion at ECF number 120.

Dated: New York, New York
May 10, 2021

SO ORDERED

/s/ Paul A. Crotty
HONORABLE PAUL A. CROTTY
United States District Judge

4