# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALEJANDRO HUGGINS, on behalf of himself and
others similarly situated,

                            *Plaintiffs*,
                                                        Case 1:18-cv-1037 (PAC)

      *-against-*

CHESTNUT HOLDINGS INC.; 1425 U LLC; and
JONATHAN WIENER,

                            *Defendants*.
------------------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT AND LIMITED RELEASES

Plaintiffs Alejandro Huggins ("Huggins") and opt-in members of the conditionally-certified collective action (Clinton Jack, Domingo Reyes, Edyl Ponce, Leonardo Salcedo, Antonio Veras, Felix Urena, Wilson Paredes, Freddy Ayala, Juan Hilario, Melvin Davis, Fausto DeJesus, Michael Rodman, German Perez, Edwin Manfredy, Andres Rodriguez, Jose Alcantara and Norberto Rozon) (collectively the "Plaintiffs") on the one hand, and Chestnut Holdings Inc., 1425 U LLC and Jonathan Wiener on the other hand (the "Defendants," and together with the Plaintiffs, the "Parties") on behalf of the "Releasees" as defined below, desire to settle and resolve fully all claims that have been or could have been brought against Defendants by Plaintiffs and all claims that have been or could have been brought against Plaintiffs by Defendants, and, subject to the approval of the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015), the Parties have reached a compromise settlement agreement to dispose of all of Plaintiffs' claims as alleged against Defendants in the lawsuit captioned *Alejandro Huggins, et al. v. Chestnut Holdings Inc., et al.*, Case No. 1:18-cv-1037 (PAC), pending in the United States District Court for the Southern District of New York (the "Lawsuit"). Therefore, in consideration of the foregoing, the Parties agree as follows:

1.    **Effective Date.** The "Effective Date" of this Negotiated Settlement Agreement and Limited Releases (the "Agreement") shall be the date on which all of the following events have occurred, all of which the Parties acknowledge and agree are conditions precedent to any obligation of the Defendants to pay the monies specified in Paragraph "2" or its subparts below:

      1.2    Defendants' counsel receiving from Plaintiffs (a) a copy of this Agreement executed by Plaintiffs, (b) the Stipulation and Order of Final Dismissal with Prejudice attached to this Agreement as Exhibit "A" executed by Plaintiffs' counsel, and (c) IRS Forms W-9 executed by each of the individual Plaintiffs and Plaintiffs' counsel; and

1.3 Defendants' counsel receiving (a) notice of the Court's approval of all terms of the Agreement and (b) the Stipulation and Order of Final Dismissal with Prejudice attached to this Agreement as Exhibit "A" signed and entered by the Court.

2. **Consideration**. Defendants agree to provide Plaintiffs with the total settlement sum of Two Hundred Fifty Thousand Dollars ($250,000), without setoff, in consideration for and in full satisfaction of all claims for damages, attorneys' fees, costs, penalties, fines, other monies and non-monetary relief as set forth in the Complaint) that Plaintiffs may have against Releasees (as defined below), through the date of their execution of the Agreement. Such payment shall be made as follows:

2.1 Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Alejandro Huggins" in the amount of $23,382.18, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Alejandro Huggins shall be delivered to _____.

2.2 Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Clinton Jack" in the amount of $22,879.29, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Clinton Jack shall be delivered to _____.

2.3 Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Domingo Reyes" in the amount of $7,754.83, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Domingo Reyes shall be delivered to _____.

2.4 Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Edyl Ponce" in the amount of $1,470.28, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Edyl Ponce shall be delivered to _____.

2.5 Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Leonardo Salcedo" in the amount of $10,757.95, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Leonardo Salcedo shall be delivered to _____.

2.6 Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Antonio Veras" in the amount of $5,844.97, without deductions, withholdings and/or setoff, which shall be

2

reportable on IRS Form 1099 (Box 3). The foregoing payment to Antonio Veras shall be delivered to _____.

2.7    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Felix Urena" in the amount of $7,057.83, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Felix Urena shall be delivered to _____.

2.8    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Wilson Paredes" in the amount of $1,759.52, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Wilson Paredes shall be delivered to _____.

2.9    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Freddy Ayala" in the amount of $6,102.87, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Freddy Ayala shall be delivered to _____.

2.10    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Juan Hilario" in the amount of $7,438.18, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Juan Hilario shall be delivered to _____.

2.11    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Melvin Davis" in the amount of $4,820.59, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Melvin Davis shall be delivered to _____.

2.12    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Fausto DeJesus" in the amount of $10,507.69, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Fausto DeJesus shall be delivered to _____.

2.13    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Michael Rodman" in the amount of $578.47, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Michael Rodman shall be delivered to _____.

2.14    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "German Perez" in the amount of $24,687.03, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to German Perez shall be delivered to _____.

2.15    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Edwin Manfredy" in the amount of $72.31, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Edwin Manfredy shall be delivered to _____.

2.16    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Andres Rodriguez" in the amount of $4,587.60, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Andres Rodriguez shall be delivered to _____.

2.17    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Jose Alcantara" in the amount of $15,028.39, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Jose Alcantara shall be delivered to _____.

2.18    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Norberto Rozon" in the amount of $7,226.26, without deductions, withholdings and/or setoff, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Norberto Rozon shall be delivered to _____.

2.19    Within fourteen (14) days of the Effective Date, Defendants shall issue, or have issued on their behalf, a check made payable to "Menken Simpson & Rozger LLP," as and for its legal fees and disbursements, in the amount of $88,043.77, which shall be reportable on IRS Form 1099 (Box 3). The foregoing payment to Menken Simpson & Rozger LLP shall be delivered to 80 Pine Street, 33rd Floor New York, New York 10005-1702 or to such other address as it may provide to Defendants' counsel in writing.

2.20    **Notice of Default and Right to Cure.** In the event that any payment due as set forth in this Agreement is not received by the close of business on the final date set forth herein for such payment, or, provided that the payment date falls on a weekend or holiday, before the close of business on the next following business day, Plaintiffs' counsel shall serve a written notice ("Notice of Default") upon counsel for the Defendants, Robert W. Mauriello, Jr. via email at rmauriello@lawgmm.com with a copy to Joshua A. Druck at

jdruck@lawgmm.com, and Defendants shall have three business days from receipt of same to cure the default by making such payment.

2.21    **Indemnification**. Plaintiffs shall be solely responsible for the payment of all local, state and federal taxes, interest, penalties and other liabilities or costs that they are legally responsible for paying in connection with the settlement sum set forth in paragraph "2" and its subparts above. Plaintiffs further agree to indemnify and hold Defendants harmless if Plaintiffs fail to make the payment of any such taxes, interest, penalties and other liabilities or costs that they are legally responsible for paying and do not pay that may be assessed by the Internal Revenue Service, or any other taxing authority and/or any other governmental agency (whether federal, state, or local), in connection with such settlement sum, including but not limited to any failure by Plaintiffs to report to the proper taxing authorities, or any failure by Plaintiffs to pay income taxes on, the payments described in this paragraph "2" and its subparts above, provided that Defendants, and not Plaintiffs, are responsible for any tax liabilities, payments, costs, interest and penalties concerning the employer's portion of any tax withholding obligations. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement. Plaintiffs further acknowledge and agree that neither Defendants nor counsel for Defendants, have provided any advice whatsoever on the taxability of the foregoing settlement payments to Plaintiffs.

3.   **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in Paragraph "2" or its subparts above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

4.   **Limited Release of Claims by Plaintiffs.**

4.1    Plaintiffs, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, and their respective direct and indirect parent companies and their subsidiaries, affiliates, divisions, current and former owners, equity holders, officers, directors, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, (collectively the "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, **arising out of the same general facts set forth in the Complaint from the beginning of time up to and including the**

5

**date of Plaintiffs' execution of this Agreement** involving the violation of: the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 et seq. of the Labor Law; Article 6 of the New York Labor Law;, wage-hour, wage-payment, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) any other claim for unpaid wages, unpaid overtime, failure to issue proper wage statements and/or wage notices, any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees.

4.2     Plaintiffs agree that they will make their best efforts to immediately sign and return to Defendants' counsel, Gimigliano Mauriello & Maloney, P.A., the executed Stipulation and Order of Final Dismissal with Prejudice attached to this Agreement as Exhibit "A".

4.3     Plaintiffs are unaware of any other lawsuit involving both any of Plaintiffs and any of Defendants. In the event that there are any such claims or proceedings, the relevant Plaintiff(s) shall take reasonable measures to withdraw and/or discontinue any other complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding (unless such proceeding is a class action in which case Plaintiffs agree to "opt out" of the class and not to participate in the class action) against the Releasees. In the event that, for any reason, any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding covered by this paragraph is or remains pending or is instituted on their behalf, Plaintiffs agree not to seek or in any way to obtain or accept any monetary award, recovery, settlement or relief therefrom. Provided, however, that nothing set forth in this article and/or otherwise in this Agreement shall in any way limit, restrict, impair or otherwise restrict Plaintiffs from enforcing this Agreement, including, but not limited to, filing court and/or other legal proceedings to enforce Defendants' payment obligations set forth hereinabove.

5.    **Limitations on the Plaintiffs' Limited Releases**. Nothing in this Agreement restricts or prohibits anyone from (i) complying with a lawful subpoena or other legal process, or (ii) initiating communications directly with, responding to any inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or from filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, the Congress, and any agency Inspector General (collectively, the "Regulators"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, to the maximum extent permitted by law, Plaintiffs are waiving their rights to receive any individual

monetary relief from the Releasees resulting from such claims or conduct, regardless of whether Plaintiffs or another party have filed them, and in the event any of the Plaintiffs obtains such monetary relief, the Releasees will be entitled to an offset or reimbursement for the payments made to said Plaintiff pursuant to this Agreement. This Agreement does not limit Plaintiffs' rights to receive an award from any Regulator that provides awards for providing information relating to a potential violation of law.

**6. Acknowledgments and Affirmations.**

6.1    Plaintiffs affirm that in the Lawsuit they have asserted a claim seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis, and affirm that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiffs believe that this Agreement is fair and reasonable, and authorize their attorneys to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Lawsuit with prejudice; and Defendants acknowledge and affirm that they shall reasonably cooperate with obtaining approval of this Agreement by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).

6.2    Defendants do not owe Plaintiffs any further compensation, overtime compensation, bonus, incentive compensation, accrued vacation pay or monies of any kind.

6.3    Plaintiffs' employment with Defendants or any of the individual Defendants was at-will and not pursuant to any contract, written or oral.

6.4    All Parties represent and acknowledge that they discussed all material aspects of this Agreement with their respective counsel, have been fully advised by their counsel as to their rights, understand that they are waiving significant legal rights by signing this Agreement, and enter into this Agreement voluntarily, with the full understanding of the Agreement and all of its terms.

6.5    All Parties represent and acknowledge that (a) it has the power and authority to enter into and execute this Agreement on behalf of itself, its respective present and former, direct and indirect parents, subsidiaries, affiliates, divisions, holding companies, merged companies, acquired companies, predecessors-in-interest, successors-in-interest, and assigns, to the extent applicable; (b) each individual signing this Agreement on behalf of any Party is fully authorized to do so; (c) it has not sold, assigned, transferred, conveyed, or otherwise disposed of any Claim, demand or right surrendered by virtue of this Agreement; (d) this Agreement is enforceable in accordance with its terms; and (e) this Agreement has been thoroughly negotiated and analyzed by its counsel and has been executed and delivered in good faith, and for good and valuable consideration.

7.   **Procedure**. After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiffs' Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiffs on behalf of the Parties will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement, and if the Court declines to approve this Agreement, the Agreement shall be null and void, and the Parties shall be returned to their positions as if this Agreement did not exist, except that they shall operate in good faith to resolve any deficiencies with this Agreement identified by the Court in any decision or opinion declining to approve this Agreement before the Agreement shall be null and void.

8.   **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Provided that this Agreement is approved by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015), should any provision of this Agreement thereafter be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language and Defendants' payment obligations, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.   **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10.   **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

11.   **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledges that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12.   **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13.   **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the Lawsuit and the negotiation, settlement and delivery of this Agreement.

14.   **Counterparts**. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement

were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

15. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

16. **Severability and Modification**. If any provision of this Agreement is declared illegal or unenforceable by this Court, Plaintiffs and Defendants agree that this Court has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.

17. **Competency to Waive Claims**. At the time of considering or executing this Agreement, the Parties were not affected or impaired by illness, use of alcohol, drugs, or other substances or otherwise impaired. All Parties are competent to execute this Agreement.

18. Plaintiffs affirm that they have carefully read, or had translated to them verbatim in their primary language, the entirety of this Agreement and each fully understands all of the provisions contained it.

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement and Limited Releases as of the date set forth below:

DATED: _____, 2021          By: _____
                                          Alejandro Huggins
                                          Plaintiff


DATED: _____, 2021          By: _____
                                          Clinton Jack
                                          Plaintiff


DATED: _____, 2021          By: _____
                                          Domingo Reyes
                                          Plaintiff


DATED: _____, 2021          By: _____
                                          Edyl Ponce
                                          Plaintiff

DATED: _____, 2021          By: _____
                                              Leonardo Salcedo
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Antonio Veras
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Felix Urena
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Wilson Paredes
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Freddy Ayala
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Juan Hilario
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Melvin Davis
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Fausto DeJesus
                                              Plaintiff


DATED: _____, 2021          By: _____
                                              Michael Rodman
                                              Plaintiff

DATED: _____, 2021          By: _____

                                          German Perez
                                          Plaintiff


DATED: _____, 2021          By: _____

                                          Edwin Manfredy
                                          Plaintiff


DATED: _____, 2021          By: _____

                                          Andres Rodriguez
                                          Plaintiff


DATED: _____, 2021          By: _____

                                          Jose Alcantara
                                          Plaintiff


DATED: _____, 2021          By: _____

                                          Norberto Rozon
                                          Plaintiff


DATED: _____, 2021          By: _____

                                          Authorized Representative
                                          Chestnut Holdings Inc.
                                          Defendant


DATED: _____, 2021          By: _____

                                          Authorized Representative
                                          1425 U LLC
                                          Defendant


DATED: _____, 2021          By: _____

                                          Jonathan Wiener
                                          Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ALEJANDRO HUGGINS, on behalf of himself and          x
others similarly situated,

<em>Plaintiffs,</em>

<em>-against-</em>                                    Case 1:18-cv-1037 (PAC)

CHESTNUT HOLDINGS INC.; 1425 U LLC; and
JONATHAN WIENER,

<em>Defendants.</em>

## ACUERDO DE LIQUIDACIÓN NEGOCIADA Y LIBERACIONES LIMITADAS

Los demandantes Alejandro Huggins ("Huggins") y los miembros opcionales de la acción colectiva certificada condicionalmente (Clinton Jack, Domingo Reyes, Edyl Ponce, Leonardo Salcedo, Antonio Veras, Felix Urena, Wilson Paredes, Freddy Ayala, Juan Hilario, Melvin Davis , Fausto DeJesus, Michael Rodman, German Perez, Edwin Manfredy, Andres Rodriguez, Jose Alcantara y Norberto Rozon) (colectivamente los "Demandantes") por un lado, y Chestnut Holdings Inc., 1425 U LLC y Jonathan Wiener por otro lado (los "Demandados", y junto con los Demandantes, las "Partes") en nombre de los "Exonerados" como se define a continuación, desean llegar a un acuerdo y resolver por completo todas las reclamaciones que han sido o podrían haber sido presentadas contra los Demandados por los Demandantes y todos reclamos que han sido o podrían haber sido presentados contra los Demandantes por los Demandados y, sujeto a la aprobación del Tribunal de conformidad con Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199 (2d Cir.2015), las Partes han llegó a un acuerdo acuerdo de compromiso Mento para disponer de todas las reclamaciones de los Demandantes según se alegan contra los Demandados en la demanda titulada Alejandro Huggins, et al. contra Chestnut Holdings Inc., et al., Caso No. 1: 18-cv-1037 (PAC), pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York (la "Demanda"). Por lo tanto, en consideración de lo anterior, las Partes acuerdan lo siguiente:

1. Fecha de vigencia. La "Fecha de entrada en vigencia" de este Acuerdo de conciliación negociado y liberaciones limitadas (el "Acuerdo") será la fecha en la que hayan ocurrido todos los siguientes eventos, todos los cuales las Partes reconocen y acuerdan son condiciones previas a cualquier obligación de los Demandados para pagar el dinero especificado en el Párrafo "2" o sus subpartes a continuación:

1.2 El abogado de los Demandados recibe de los Demandantes (a) una copia de este Acuerdo ejecutado por los Demandantes, (b) la Estipulación y Orden de desestimación final con prejuicio adjunta a este Acuerdo como Anexo "A" ejecutado por el abogado de los Demandantes, y (c)

Formularios del IRS W-9 ejecutados por cada uno de los Demandantes y los abogados de los Demandantes; y

1.3 El abogado de los Demandados recibe (a) notificación de la aprobación del Tribunal de todos los términos del Acuerdo y (b) la Estipulación y Orden de Desestimación Final con Prejuicio adjunta a este Acuerdo como Anexo "A" firmado y presentado por el Tribunal.

2. Consideración. Los Demandados acuerdan proporcionar a los Demandantes la suma total del acuerdo de Doscientos Cincuenta Mil Dólares ($ 250,000), sin compensación, en consideración y en total satisfacción de todos los reclamos por daños, honorarios de abogados, costos, sanciones, multas, otros fondos y no - compensación monetaria según se establece en la Demanda) que los Demandantes pueden tener contra los Liberados (como se define a continuación), hasta la fecha de su ejecución del Acuerdo. Dicho pago se realizará de la siguiente manera:

2.1 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Alejandro Huggins" por la cantidad de $ 23,382.18, sin deducciones, retenciones y / o compensaciones, el cual será declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Alejandro Huggins se entregará a _____.

2.2 Dentro de los catorce (14) días siguientes a la Fecha de entrada en vigor, los Demandados emitirán, o habrán emitido en su nombre, un cheque pagadero a "Clinton Jack" por la cantidad de $ 22,879.29, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Clinton Jack se entregará a

_____.

2.3 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Domingo Reyes" por la cantidad de $ 7,754.83, sin deducciones, retenciones y / o compensaciones, el cual será declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Domingo Reyes se entregará a

_____.

2.4 Dentro de los catorce (14) días de la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque pagadero a "Edyl Ponce" por la cantidad de $ 1,470.28, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Edyl Ponce se entregará a _____.

2.5 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Leonardo Salcedo" por la cantidad de $ 10,757.95, sin deducciones, retenciones y / o compensaciones, el cual será declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Leonardo Salcedo se entregará a _____.

2.6 Dentro de los catorce (14) días de la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Antonio Veras" por la cantidad de $ 5,844.97, sin deducciones, retenciones y / o compensaciones, que serándeclarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Antonio Veras se entregará a

_____ .

2.7 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Felix Urena" por la cantidad de $ 7,057.83, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Felix Urena se entregará a

_____ .

2.8 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque pagadero a "Wilson Paredes" por la cantidad de $ 1,759.52, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Wilson Paredes se entregará a

_____ .

2.9 Dentro de los catorce (14) días de la Fecha de Vigencia, los Demandados emitirán, o habrán emitido en su nombre, un cheque pagadero a "Freddy Ayala" por la cantidad de $ 6,102.87, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Freddy Ayala se entregará a _____ .

2.10 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Juan Hilario" por la cantidad de $ 7,438.18, sin deducciones, retenciones y / o compensaciones, el cual será declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Juan Hilario se entregará a

_____ .

2.11 Dentro de los catorce (14) días posteriores a la Fecha de entrada en vigencia, los Demandados emitirán, o habrán emitido en su nombre, un cheque pagadero a "Melvin Davis" por la cantidad de $ 4,820.59, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Melvin Davis se entregará a _____ .

2.12 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Fausto DeJesus" por la cantidad de $ 10,507.69, sin deducciones, retenciones y / o compensaciones, el cual será declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Fausto DeJesus se entregará a

_____ .

2.13 Dentro de los catorce (14) días siguientes a la Fecha de entrada en vigor, los Demandados emitirán, o habrán emitido en su nombre, un cheque pagadero a "Michael Rodman" por la cantidad de $ 578.47, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Michael Rodman se entregará a _____.

2.14 Dentro de los catorce (14) días de la Fecha de Vigencia, los Demandados emitirán, o habrán emitido en su nombre, un cheque pagadero a "German Perez" por la cantidad de $ 24,687.03, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a German Perez se entregará a _____.

2.15 Dentro de los catorce (14) días posteriores a la Fecha de entrada en vigor, los Demandados emitirán, o habrán emitido en su nombre, un cheque pagadero a "Edwin Manfredy" por la cantidad de $ 72.31, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Edwin Manfredy se entregará a _____.

2.16 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Andrés Rodríguez" por la cantidad de $ 4,587.60, sin deducciones, retenciones y / o compensaciones, el cual será declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Andrés Rodríguez se entregará a _____.

2.17 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados emitirán, o habrán emitido en su nombre, un cheque a nombre de "José Alcantara" por la cantidad de $ 15,028.39, sin deducciones, retenciones y / o compensaciones, que serán declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a José Alcantara se entregará a _____.

2.18 Dentro de los catorce (14) días siguientes a la Fecha de Vigencia, los Demandados deberán emitir, o haber emitido en su nombre, un cheque a nombre de "Norberto Rozon" por la cantidad de $ 7,226.26, sin deducciones, retenciones y / o compensaciones, el cual será declarable en el formulario 1099 del IRS (casilla 3). El pago anterior a Norberto Rozon se entregará a _____.

2.19 Dentro de los catorce (14) días posteriores a la Fecha de entrada en vigencia, los Demandados emitirán, o habrán emitido en su nombre, un cheque pagadero a "Menken Simpson & Rozger LLP", como y para sus honorarios y desembolsos legales, por la cantidad de $ 88,043.77 , que deberá informarse en el formulario 1099 del IRS (casilla 3). El pago anterior a Menken Simpson & Rozger LLP se entregará en 80 Pine Street, 33rd Floor

New York, New York 10005-1702 oa cualquier otra dirección que pueda proporcionar al abogado de los Demandados por escrito.

2.20 Notificación de incumplimiento y derecho a reparación. En el caso de que cualquier pago adeudado según lo establecido en este Acuerdo no se reciba al cierre de operaciones en la fecha final establecida en este documento para dicho pago, o, siempre que la fecha de pago sea un fin de semana o feriado, antes del cierre de en el día hábil siguiente, el abogado de los Demandantes entregará una notificación por escrito ("Aviso de incumplimiento") al abogado de los Demandados, Robert W. Mauriello, Jr. por correo electrónico a rmauriello@lawgmm.com con una copia a Joshua A Druck a jdruck@lawgmm.com, y los Demandados tendrán tres días hábiles desde la recepción del mismo para subsanar el incumplimiento al realizar dicho pago.

2.21 Indemnización. Los demandantes serán los únicos responsables del pago de todos los impuestos locales, estatales y federales, intereses, multas y otras responsabilidades o costos que sean legalmente responsables de pagar en relación con la suma de liquidación establecida en el párrafo "2" y sus subpartes anteriores. Los Demandantes acuerdan además indemnizar y eximir de responsabilidad a los Demandados si los Demandantes no pagan dichos impuestos, intereses, multas y otras responsabilidades o costos que son legalmente responsables de pagar y no pagan que puedan ser evaluados por el Servicio de Impuestos Internos. o cualquier otra autoridad tributaria y / o cualquier otra agencia gubernamental (ya sea federal, estatal o local), en relación con dicha suma de liquidación, que incluye, entre otros, cualquier incumplimiento por parte de los Demandantes de informar a las autoridades tributarias correspondientes, o cualquier incumplimiento por parte de Los Demandantes deben pagar impuestos sobre la renta sobre los pagos descritos en este párrafo "2" y sus subpartes anteriores, siempre que los Demandados, y no los Demandantes, sean responsables de cualquier obligación tributaria, pagos, costos, intereses y multas relacionadas con la parte del empleador de cualquier impuesto. obligaciones de retención. Los Demandantes reconocen que no se han basado en ninguna representación oral o de otro tipo hecha por los Demandados o sus abogados con respecto a las consecuencias fiscales de cualquiera de los montos pagados de conformidad con este Acuerdo. Los Demandantes reconocen y acuerdan además que ni los Demandados ni los abogados de los Demandados han brindado asesoramiento alguno sobre la imposición de impuestos de los pagos de liquidación anteriores a los Demandantes.

3. Sin consideración en ausencia de la ejecución de este Acuerdo. Los Demandantes entienden y aceptan que los Demandantes no recibirían el dinero especificado en el Párrafo "2" o sus subpartes anteriores, excepto por la ejecución de este Acuerdo por parte de los Demandantes y el cumplimiento de las promesas aquí contenidas.

4. Liberación limitada de reclamaciones por parte de los demandantes.

4.1 Los Demandantes, sus herederos, albaceas, administradores, sucesores y cesionarios liberan voluntariamente y despiden para siempre a los Demandados y sus respectivas empresas matrices directas e indirectas y sus subsidiarias, afiliadas, divisiones, propietarios actuales y anteriores, accionistas, funcionarios, directores, directores, accionistas, fideicomisarios, administradores, ejecutores, agentes, abogados, empleados, ex empleados, aseguradores, reaseguradores, predecesores, sucesores y cesionarios (colectivamente los "Liberados") de cualquier acción, causa de acción, pleitos, deudas, cuotas, Sumas de dinero, cuentas, reconocimientos, bonos, facturas, especialidades, pactos, contratos, controversias, acuerdos, promesas, juicios, obligaciones, reclamaciones, cargos, quejas, apelaciones y demandas de cualquier tipo, en derecho o equidad, que puedan tener contra los exonerados. a la fecha de ejecución de este Acuerdo, ya sea conocido o desconocido, afirmado o no afirmado, que surja de los mismos hechos generales establecidos en la Demanda de la El comienzo del tiempo hasta e incluyendo la fecha de ejecución de este Acuerdo por parte de los Demandados que involucra la violación de: la Ley de Normas Laborales Justas, 29 U.SC. § 201 y siguientes; la Ley de salario mínimo de Nueva York y todas las órdenes de salario; las leyes de Nueva York de Salarios y Pago de Salarios, incluidas las Secciones 190 y siguientes. de la Ley del Trabajo; Artículo 6 de la Ley Laboral de Nueva York; salario por hora, pago de salario, trabajo u otras leyes, reglas, regulaciones y / o pautas, constituciones u ordenanzas; cualquier política pública, contrato (ya sea oral o escrito, expreso o implícito) cualquier otro reclamo por salarios impagos, horas extra impagas, falta de emisión de declaraciones salariales adecuadas y / o avisos salariales, cualquier reclamo por costos, honorarios u otros gastos, incluidos los abogados 'honorarios o cualquier otra acción contra los Liberados.

4.2 Los Demandantes acuerdan que harán todo lo posible para firmar y devolver inmediatamente al abogado de los Demandados, Gimigliano Mauriello & Maloney, P.A., la Estipulación y Orden de desestimación final con prejuicio ejecutada adjunta a este Acuerdo como Anexo "A".

4.3 Los Demandantes no tienen conocimiento de ninguna otra demanda que involucre tanto a los Demandantes como a los Demandados. En el caso de que existan tales reclamos o procedimientos, el (los) demandante (s) relevante (s) tomarán medidas razonables para retirar y / o descontinuar cualquier otra queja, demanda, acción, causa de acción, cargo administrativo, reclamo, controversia, demanda, queja. o procedimiento (a menos que dicho procedimiento sea una acción de clase, en cuyo caso los Demandantes acuerdan "excluirse" de la clase y no participar en la acción de clase) contra los Liberados. En el caso de que, por cualquier motivo, cualquier queja, demanda, acción, causa de acción, cargo administrativo, reclamo, controversia,

demanda, agravio o procedimiento cubierto por este párrafo esté o siga pendiente o se haya instituido en su nombre, los Demandantes acuerdan que no para buscar o de alguna manera obtener o aceptar cualquier compensación monetaria, recuperación, liquidación o compensación de los mismos. Siempre que, sin embargo, nada de lo establecido en este artículo y / o de otro modo en este Acuerdo limitará, restringirá, menoscabará o restringirá de cualquier otra manera que los Demandantes hagan cumplir este Acuerdo, incluidos, entre otros, la presentación ante un tribunal y / u otros procedimientos legales. procedimientos para hacer cumplir las obligaciones de pago de los Demandados establecidas anteriormente.

5. Limitaciones de las liberaciones limitadas de los demandantes. Nada en este Acuerdo restringe o prohíbe a cualquier persona (i) cumplir con una citación legal u otro proceso legal, o (ii) iniciar comunicaciones directamente con, responder a cualquier consulta de, brindar testimonio antes, proporcionar información confidencial a, informar posibles violaciones de ley o reglamento para, o para presentar un reclamo o ayudar con una investigación directamente con una autoridad autorreguladora o una agencia o entidad gubernamental, incluida la Comisión de Igualdad de Oportunidades en el Empleo de EE. UU., el Departamento de Trabajo, la Junta Nacional de Relaciones Laborales, el Departamento de Justicia, la Comisión de Bolsa y Valores, el Congreso y cualquier agencia Inspector General (colectivamente, los "Reguladores"), o de realizar otras divulgaciones que estén protegidas por las disposiciones sobre denuncia de irregularidades de las leyes o reglamentaciones estatales o federales. Sin embargo, en la medida máxima permitida por la ley, los Demandantes renuncian a sus derechos de recibir cualquier compensación monetaria individual de los Liberados que resulte de tales reclamos o conducta, independientemente de si los Demandantes u otra parte los han presentado, y en el caso de que alguno de los Demandantes obtiene tal alivio monetario, los Liberados tendrán derecho a una compensación o reembolso por los pagos hechos a dicho Demandante de conformidad con este Acuerdo. Este Acuerdo no limita los derechos de los Demandantes a recibir un premio de cualquier Regulador que otorgue premios por proporcionar información relacionada con una posible violación de la ley.

6. Agradecimientos y afirmaciones.

6.1 Los Demandantes afirman que en la Demanda han presentado un reclamo en el que se solicita el pago de un salario no pagado o el pago de horas extras en virtud de la Ley de Normas Laborales Justas, la Ley Laboral del Estado de Nueva York y / o cualquier otra ley, reglamento o base, y afirman que existe una buena fide disputa en cuanto a las reclamaciones de FLSA que están siendo resueltas y liberadas por este Acuerdo. Los Demandantes creen que este Acuerdo es justo y razonable, y autorizan a sus abogados a solicitar al Tribunal la aprobación del acuerdo como justo y razonable según la FLSA, y la desestimación de la Demanda con perjuicio; y los Demandados reconocen y afirman que cooperarán razonablemente con la obtención de la aprobación de este Acuerdo por parte del Tribunal de conformidad con Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199 (2d Cir. 2015).

6.2 Los Demandados no deben a los Demandantes ninguna compensación adicional, compensación por horas extras, bonificación, compensación de incentivo, pago de vacaciones acumulado o dinero de ningún tipo.

6.3 El empleo de los Demandantes con los Demandados o con cualquiera de los Demandados individuales fue a voluntad y no de conformidad con ningún contrato, escrito u oral.

6.4 Todas las Partes declaran y reconocen que discutieron todos los aspectos materiales de este Acuerdo con sus respectivos abogados, que han sido plenamente informados por sus abogados en cuanto a sus derechos, entienden que están renunciando a derechos legales importantes al firmar este Acuerdo y celebran este Acuerdo. voluntariamente, con la plena comprensión del Acuerdo y todos sus términos.

6.5 Todas las Partes declaran y reconocen que (a) tiene el poder y la autoridad para celebrar y ejecutar este Acuerdo en su nombre, sus respectivos actuales y anteriores, matrices directas e indirectas, subsidiarias, afiliadas, divisiones, sociedades de cartera, empresas fusionadas , empresas adquiridas, predecesores en interés, sucesores en interés y cesionarios, en la medida en que sea aplicable; (b) cada individuo que firme este Acuerdo en nombre de cualquier Parte está plenamente autorizado para hacerlo; (c) no ha vendido, cedido, transferido, transmitido o de otra manera dispuesto de cualquier Reclamación, demanda o derecho renunciado en virtud de este Acuerdo; (d) este Acuerdo es ejecutable de acuerdo con sus términos; y (e) este Acuerdo ha sido minuciosamente negociado y analizado por sus abogados y ha sido ejecutado y entregado de buena fe, y para una buena y valiosa consideración.

7. Procedimiento. Después de que este Acuerdo y la Estipulación y Orden de Desestimación Definitiva con Prejuicio de las Reclamaciones de los Demandantes ("Estipulación") adjunta como Anexo "A" sean ejecutadas en su totalidad por las Partes y sus abogados, sujeto a la revisión y consentimiento de los Demandados a la moción Para la aprobación judicial del acuerdo, los Demandantes en nombre de las Partes presentarán el Acuerdo y la Estipulación al Tribunal para su consideración y aprobación. La aprobación por parte del Tribunal de todas las disposiciones de este Acuerdo es un término material de este Acuerdo, y si el Tribunal se niega a aprobar este Acuerdo, el Acuerdo será nulo y sin efecto, y las Partes volverán a sus posiciones como si este Acuerdo no lo hubiera hecho. existen, excepto que operarán de buena fe para resolver cualquier deficiencia con este Acuerdo identificada por el Tribunal en cualquier decisión u opinión que rechace aprobar este Acuerdo antes de que el Acuerdo sea nulo y sin efecto.

8. Ley aplicable e interpretación. Este Acuerdo se regirá y se ajustará de acuerdo con las leyes del estado de Nueva York sin tener en cuenta su disposición sobre conflicto de leyes. En caso de incumplimiento de cualquier disposición de este Acuerdo, cualquiera de las partes puede iniciar una acción específicamente para hacer cumplir cualquier término o términos de este Acuerdo y / o buscar daños por incumplimiento. Siempre que este Acuerdo sea aprobado por el Tribunal de conformidad con Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199 (2d Cir.2015), en caso

de que cualquier disposición de este Acuerdo a partir de entonces sea declarada ilegal o inaplicable por cualquier tribunal competente. jurisdicción y no se puede modificar para que sea ejecutable, excluyendo el lenguaje de liberación y las obligaciones de pago de los Demandados, dicha disposición se convertirá inmediatamente en nula y sin efecto, dejando el resto de este Acuerdo en pleno vigor y efecto.

9. No admisión de irregularidades. Las Partes acuerdan que ni este Acuerdo ni la prestación de la contraprestación por este Acuerdo se considerará o interpretará en ningún momento para ningún propósito como una admisión por parte de los Liberados de irregularidades o evidencia de cualquier responsabilidad o conducta ilegal de cualquier tipo.

10. Enmienda. Este Acuerdo no puede ser modificado, alterado o cambiado excepto por escrito y firmado por todas las Partes donde se hace referencia específica a este Acuerdo.

11. Acuerdo completo. Este Acuerdo establece el acuerdo completo entre las Partes y reemplaza completamente cualquier acuerdo o entendimiento anterior entre las Partes. Los Demandantes reconocen que no se han basado en ninguna representación, promesa o acuerdo de ningún tipo que se haya hecho en relación con su decisión de aceptar este Acuerdo, excepto los establecidos en este Acuerdo.

12. Encabezados de sección. Los títulos de las secciones se utilizan en este documento solo para su conveniencia como referencia y no afectarán el significado de ninguna disposición de este Acuerdo.

13. Honorarios legales. Salvo lo dispuesto en este Acuerdo, cada parte será responsable de sus propios honorarios legales o costos, si los hubiera, incurridos en relación con la Demanda y la negociación, resolución y entrega de este Acuerdo.

14. Contrapartes. Este Acuerdo puede ser ejecutado en contrapartes con todas las contrapartes que constituyen el Acuerdo completo y con la misma vigencia y efecto como si este Acuerdo no se ejecutara en contrapartes. Las firmas electrónicas y por fax se considerarán originales.

15. Participación conjunta en la preparación del acuerdo. Las Partes participaron conjuntamente en la negociación y preparación de este Acuerdo, y cada parte ha tenido la oportunidad de obtener el asesoramiento de un asesor legal y de revisar, comentar y volver a redactar este Acuerdo. En consecuencia, se acuerda que ninguna regla de construcción se aplicará contra ninguna de las partes ni a favor de ninguna de las partes. Este Acuerdo se interpretará como si las Partes preparasen conjuntamente este Acuerdo, y cualquier incertidumbre o ambigüedad no se interpretará en contra de una de las partes ni a favor de la otra.

16. Divisibilidad y modificación. Si alguna disposición de este Acuerdo es declarada ilegal o inaplicable por este Tribunal, los Demandantes y Demandados acuerdan que este Tribunal tiene

plena discreción para interpretar o modificar todas esas disposiciones para que sean ejecutables y se le indica que lo haga.

17. Competencia para renunciar a reclamaciones. En el momento de considerar o ejecutar este Acuerdo, las Partes no se vieron afectadas o afectadas por enfermedades, uso de alcohol, drogas u otras sustancias o de otra manera. Todas las Partes son competentes para ejecutar este Acuerdo.

18. Los Demandantes afirman que han leído detenidamente, o les han traducido palabra por palabra en su idioma principal, la totalidad de este Acuerdo y cada uno comprende completamente todas las disposiciones contenidas en él.

EN TESTIMONIO DE LO CUAL, las partes del presente ejecutaron a sabiendas y voluntariamente este Acuerdo de conciliación negociado y Liberaciones limitadas a partir de la fecha que se establece a continuación:


FECHA: _____, 2021 Por: _____

　　　　　　　　　　　　Alejandro Huggins

　　　　　　　　　　　　Demandante



FECHA: _____, 2021 Por: _____

　　　　　　　　　　　　Clinton Jack

　　　　　　　　　　　　Demandante



FECHA: _____, 2021 Por: _____

　　　　　　　　　　　　Domingo Reyes

　　　　　　　　　　　　Demandante



FECHA: _____, 2021 Por: _____

Edyl Ponce

Demandante

FECHA: _____, 2021 Por: _____

Leonardo Salcedo

Demandante


FECHA: _____, 2021 Por: _____

Antonio Veras

Demandante


FECHA: _____, 2021 Por: _____

Felix Urena

Demandante


FECHA: _____, 2021 Por: _____

Wilson Paredes

Demandante


FECHA: _____, 2021 Por: _____

Freddy Ayala

Demandante

FECHA: _____, 2021 Por: _____

Juan Hilario

Demandante

FECHA: _____, 2021 Por: _____

Melvin Davis

Demandante

FECHA: _____, 2021 Por: _____

Fausto DeJesus

Demandante

FECHA: _____, 2021 Por: _____

Michael Rodman

Demandante

FECHA: _____, 2021 Por: _____

German perez

Demandante

FECHA: _____, 2021 Por: _____

Edwin Manfredy

Demandante

FECHA: _____, 2021 Por: _____

Andrés Rodríguez

Demandante

FECHA: _____, 2021 Por: _____

José Alcántara

Demandante

FECHA: _____, 2021 Por: _____

Norberto Rozón

Demandante

FECHA: _____, 2021 Por: _____

Representante autorizado

Chestnut Holdings Inc.

Acusado

FECHA: _____, 2021 Por: _____

                                         Representante autorizado

                                         1425 U LLC

                                         Acusado

FECHA: _____, 2021 Por: _____

                                         Jonathan Wiener

                                         Acusado

plena discreción para interpretar o modificar todas esas disposiciones para que sean ejecutables y se le indica que lo haga.

17. Competencia para renunciar a reclamaciones. En el momento de considerar o ejecutar este Acuerdo, las Partes no se vieron afectadas o afectadas por enfermedades, uso de alcohol, drogas u otras sustancias o de otra manera. Todas las Partes son competentes para ejecutar este Acuerdo.

18. Los Demandantes afirman que han leído detenidamente, o les han traducido palabra por palabra en su idioma principal, la totalidad de este Acuerdo y cada uno comprende completamente todas las disposiciones contenidas en él.

EN TESTIMONIO DE LO CUAL, las partes del presente ejecutaron a sabiendas y voluntariamente este Acuerdo de conciliación negociado y Liberaciones limitadas a partir de la fecha que se establece a continuación:

FECHA: 10/6/21 , 2021 Por: _Alejandro Huggins_

Alejandro Huggins

Demandante



FECHA: _____, 2021 Por: _____

Clinton Jack

Demandante



FECHA: _____, 2021 Por: _____

Domingo Reyes

Demandante



FECHA: _____, 2021 Por: _____

FECHA: _____, 2021 Por: _____

Edwin Manfredy

Demandante

FECHA: _10_ _/5_ _/21_, 2021 Por: _____

Andrés Rodríguez

Demandante

FECHA: _____, 2021 Por: _____

José Alcántara

Demandante

FECHA: _____, 2021 Por: _____

Norberto Rozón

Demandante

FECHA: _____, 2021 Por: _____

Representante autorizado

Chestnut Holdings Inc.

Acusado

Edyl Ponce

Demandante

FECHA: _____, 2021 Por: _____

Leonardo Salcedo

Demandante

FECHA: *10-6* , 2021 Por: _Antonio Veras_

Antonio Veras

Demandante

FECHA: _____, 2021 Por: _____

Felix Urena

Demandante

FECHA: _____, 2021 Por: _____

Wilson Paredes

Demandante

FECHA: _____, 2021 Por: _____

Freddy Ayala

Demandante

were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

15. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

16. **Severability and Modification**. If any provision of this Agreement is declared illegal or unenforceable by this Court, Plaintiffs and Defendants agree that this Court has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.

17. **Competency to Waive Claims**. At the time of considering or executing this Agreement, the Parties were not affected or impaired by illness, use of alcohol, drugs, or other substances or otherwise impaired. All Parties are competent to execute this Agreement.

18. Plaintiffs affirm that they have carefully read, or had translated to them verbatim in their primary language, the entirety of this Agreement and each fully understands all of the provisions contained it.

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement and Limited Releases as of the date set forth below:

DATED: _____, 2021       By: _____
                                        Alejandro Huggins
                                        Plaintiff

DATED: *10 -12*, 2021             By: *Clinton S Jack*
                                        Clinton Jack
                                        Plaintiff

DATED: _____, 2021       By: _____
                                        Domingo Reyes
                                        Plaintiff

DATED: _____, 2021       By: _____
                                        Edyl Ponce
                                        Plaintiff

plena discreción para interpretar o modificar todas esas disposiciones para que sean ejecutables y se le indica que lo haga.

17. Competencia para renunciar a reclamaciones. En el momento de considerar o ejecutar este Acuerdo, las Partes no se vieron afectadas o afectadas por enfermedades, uso de alcohol, drogas u otras sustancias o de otra manera. Todas las Partes son competentes para ejecutar este Acuerdo.

18. Los Demandantes afirman que han leído detenidamente, o les han traducido palabra por palabra en su idioma principal, la totalidad de este Acuerdo y cada uno comprende completamente todas las disposiciones contenidas en él.

EN TESTIMONIO DE LO CUAL, las partes del presente ejecutaron a sabiendas y voluntariamente este Acuerdo de conciliación negociado y Liberaciones limitadas a partir de la fecha que se establece a continuación:


FECHA: _____, 2021 Por: _____

                         Alejandro Huggins

                         Demandante




FECHA: _____, 2021 Por: _____

                         Clinton Jack

                         Demandante




FECHA: _10/6/21_____, 2021 Por: _Domingo Reyes_____ x

                         Domingo Reyes

                         Demandante




FECHA: _____, 2021 Por: _____

FECHA: _10/26_____, 2021 Por: _Edwin Manfredy_

Edwin Manfredy

Demandante

FECHA: _____, 2021 Por: _____

Andrés Rodríguez

Demandante

FECHA: _____, 2021 Por: _____

José Alcántara

Demandante

FECHA: _____, 2021 Por: _____

Norberto Rozón

Demandante

FECHA: _____, 2021 Por: _____

Representante autorizado

Chestnut Holdings Inc.

Acusado

plena discreción para interpretar o modificar todas esas disposiciones para que sean ejecutables y se le indica que lo haga.

17. Competencia para renunciar a reclamaciones. En el momento de considerar o ejecutar este Acuerdo, las Partes no se vieron afectadas o afectadas por enfermedades, uso de alcohol, drogas u otras sustancias o de otra manera. Todas las Partes son competentes para ejecutar este Acuerdo.

18. Los Demandantes afirman que han leído detenidamente, o les han traducido palabra por palabra en su idioma principal, la totalidad de este Acuerdo y cada uno comprende completamente todas las disposiciones contenidas en él.

EN TESTIMONIO DE LO CUAL, las partes del presente ejecutaron a sabiendas y voluntariamente este Acuerdo de conciliación negociado y Liberaciones limitadas a partir de la fecha que se establece a continuación:

FECHA: _____, 2021 Por: _____

Alejandro Huggins

Demandante

FECHA: _____, 2021 Por: _____

Clinton Jack

Demandante

FECHA: _____, 2021 Por: _____

Domingo Reyes

Demandante

FECHA: **10-8-21**, 2021 Por: _____

Edyl Ponce

Demandante

FECHA: _____, 2021 Por: _____

Leonardo Salcedo

Demandante

FECHA: _____, 2021 Por: _____

Antonio Veras

Demandante

FECHA: _____, 2021 Por: _____

Felix Urena

Demandante

FECHA: _____, 2021 Por: _____

Wilson Paredes

Demandante

FECHA: _____, 2021 Por: _____

Freddy Ayala

Demandante

DATED: _____, 2021        By: _____
                                         Leonardo Salcedo
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Antonio Veras
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Felix Urena
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Wilson Paredes
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Freddy Ayala
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Juan Hilario
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Melvin Davis
                                         Plaintiff

DATED: _10 - 15 -_, 2021            By: _____
                                         Fausto DeJesus
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Michael Rodman
                                         Plaintiff

Edyl Ponce

Demandante

FECHA: _____, 2021 Por: _____

Leonardo Salcedo

Demandante

FECHA: _____, 2021 Por: _____

Antonio Veras

Demandante

FECHA: 10 / 6 / 21 X, 2021 Por: X _____

Felix Urena

Demandante

FECHA: _____, 2021 Por: _____

Wilson Paredes

Demandante

FECHA: _____, 2021 Por: _____

Freddy Ayala

Demandante

DATED: _____, 2021          By: _____
                                         Leonardo Salcedo
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Antonio Veras
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Felix Urena
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Wilson Paredes
                                         Plaintiff

DATED: 10/5 _____, 2021        By: _____
                                         Freddy Ayala
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Juan Hilario
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Melvin Davis
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Fausto DeJesus
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Michael Rodman
                                         Plaintiff

10

DATED: October 8, 2021

By: _____
German Perez
Plaintiff

DATED: _____, 2021

By: _____

Edwin Manfredy
Plaintiff

DATED: _____, 2021

By: _____

Andres Rodriguez
Plaintiff

DATED: _____, 2021

By: _____

Jose Alcantara
Plaintiff

DATED: _____, 2021

By: _____

Norberto Rozon
Plaintiff

DATED: _____, 2021

By: _____

Authorized Representative
Chestnut Holdings Inc.
Defendant

DATED: _____, 2021

By: _____

Authorized Representative
1425 U LLC
Defendant

DATED: _____, 2021

By: _____

Jonathan Wiener
Defendant

11

FECHA: _____, 2021 Por: _____

                                        Edwin Manfredy

                                        Demandante

FECHA: _____, 2021 Por: _____

                                        Andrés Rodríguez

                                        Demandante

FECHA: _12 - 6 - 2_, 2021 Por: _X_____

                                        José Alcántara

                                        Demandante

FECHA: _____, 2021 Por: _____

                                        Norberto Rozón

                                        Demandante

FECHA: _____, 2021 Por: _____

                                        Representante autorizado

                                        Chestnut Holdings Inc.

                                        Acusado

DATED: _____, 2021          By: _____
                                         Leonardo Salcedo
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Antonio Veras
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Felix Urena
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Wilson Paredes
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Freddy Ayala
                                         Plaintiff

DATED: Oct 6th_____, 2021           By: _Juan Hilario_____
                                         Juan Hilario
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Melvin Davis
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Fausto DeJesus
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Michael Rodman
                                         Plaintiff

DATED: _____, 2021

By: _____
     Leonardo Salcedo
     Plaintiff


DATED: _____, 2021

By: _____
     Antonio Veras
     Plaintiff


DATED: _____, 2021

By: _____
     Felix Urena
     Plaintiff


DATED: _____, 2021

By: _____
     Wilson Paredes
     Plaintiff


DATED: _____, 2021

By: _____
     Freddy Ayala
     Plaintiff


DATED: _____, 2021

By: _____
     Juan Hilario
     Plaintiff


DATED: _____, 2021

By: _____
     Melvin Davis
     Plaintiff


DATED: _____, 2021

By: _____
     Fausto DeJesus
     Plaintiff


DATED: _____, 2021

By: _____
     Michael Rodman
     Plaintiff

DATED: _____, 2021            By: _____
                                            Leonardo Salcedo
                                            Plaintiff


DATED: _____, 2021            By: _____
                                            Antonio Veras
                                            Plaintiff


DATED: _____, 2021            By: _____
                                            Felix Urena
                                            Plaintiff


DATED: _____, 2021            By: _____
                                            Wilson Paredes
                                            Plaintiff


DATED: _____, 2021            By: _____
                                            Freddy Ayala
                                            Plaintiff


DATED: _____, 2021            By: _____
                                            Juan Hilario
                                            Plaintiff


DATED: 10/6/_____, 2021               By: _____
                                            Melvin Davis
                                            Plaintiff


DATED: _____, 2021            By: _____
                                            Fausto DeJesus
                                            Plaintiff


DATED: _____, 2021            By: _____
                                            Michael Rodman
                                            Plaintiff


10

DATED: _____, 2021          By: _____
                                         Leonardo Salcedo
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Antonio Veras
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Felix Urena
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Wilson Paredes
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Freddy Ayala
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Juan Hilario
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Melvin Davis
                                         Plaintiff

DATED: _____, 2021          By: _____
                                         Fausto DeJesus
                                         Plaintiff

DATED: 10-5-, 2021                  By: _____
                                         Michael Rodman
                                         Plaintiff

10

FECHA: _____, 2021 Por: _____

Edwin Manfredy

Demandante


FECHA: _____, 2021 Por: _____

Andrés Rodríguez

Demandante


FECHA: _____, 2021 Por: _____

José Alcántara

Demandante


FECHA: *10 - 06* , 2021 Por: *Norberto Rozón*

Norberto Rozón

Demandante


FECHA: _____, 2021 Por: _____

Representante autorizado

Chestnut Holdings Inc.

Acusado

DATED: _____, 2021        By: _____
                                         Leonardo Salcedo
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Antonio Veras
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Felix Urena
                                         Plaintiff

DATED: 10/7/21, 2021                By: _____
                                         Wilson Paredes
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Freddy Ayala
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Juan Hilario
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Melvin Davis
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Fausto DeJesus
                                         Plaintiff

DATED: _____, 2021        By: _____
                                         Michael Rodman
                                         Plaintiff