UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ALEJANDRO HUGGINS, on behalf of
himself and others similarly situated,

                     *Plaintiffs*,

   -*against*-

CHESTNUT HOLDINGS INC.; 1425 U
LLC; and JONATHAN WIENER,

                     *Defendants*.
------------------------------------------------------------X

18 Civ. 1037 (PAC)

**OPINION & ORDER**

The parties seek approval of their settlement in this Fair Labor Standards Act case, as well as a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41. The settlement requires the Court's approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[1] The Court determines the proposed Settlement Agreement is fair and reasonable, and **GRANTS** the parties' request to approve the Agreement and dismiss the case.

## BACKGROUND

Plaintiffs, who were employed by certain of the Defendants as building superintendents, assert claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs claim Defendants failed to pay them minimum and overtime wages and meet statutory notice and recordkeeping requirements pursuant to the NYLL.

---

[1] Because the parties have agreed to a Rule 41 dismissal, rather than a Rule 68 offer of judgment, approval of the Court is required. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 599 n.5 (2d Cir. 2020); *cf. Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019) (declining to extend the *Cheeks* judicial approval requirement to Rule 68(a) dispositions).

1

Plaintiff Alejandro Huggins commenced this action in February 2018, asserting claims on behalf of himself and similarly situated employees. The Court conditionally certified the case as a collective action in May 2020. *See* ECF No. 72. In total, eighteen plaintiffs opted into the FLSA collective. The parties undertook "significant" discovery, and Plaintiffs Huggins and Clinton Jack were deposed in May 2021. *See* Settlement Letter to Court (the "Settlement Memo") 1, ECF No 136. The parties then drafted a settlement agreement which all eighteen plaintiffs signed.[2] *See* Proposed Settlement Agreement, ECF No. 136-1.

## DISCUSSION

### I. Legal Standard

"[P]arties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks*, 796 F.3d at 200). "As a result, district courts in this Circuit routinely review FLSA settlements for fairness before approving any stipulated dismissal." *Fisher*, 948 F.3d at 599–600. A district court examines the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)). "Since the Court is 'generally not in as good a position as the parties to determine the

---

[2] The Settlement Agreement includes both an English and a Spanish version. The parties agree that, to the extent the English and Spanish terms conflict, the English version shall control. *See* Settlement Memo at 2 n.1.

2

reasonableness of an FLSA settlement, there is a strong presumption in favor of finding a settlement fair.'" *Ramos Pelico v. PGNV, LLC*, No. 18 Civ. 09761 (PAC), 2019 WL 2710176, at *1 (S.D.N.Y. June 28, 2019) (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

## II. Analysis

The Court has reviewed the entire Settlement Agreement and finds it fair and reasonable. *See Cheeks*, 796 F.3d at 206. The Court analyzes three aspects of the Settlement Agreement: the overall settlement sum; the allocation of attorney's fees and costs; and the release of claims by Plaintiffs. All three indicate a fair and reasonable settlement.

### A. Settlement Sum

The Settlement Agreement provides for a payment from Defendants of $250,000: $149,456.23 to be distributed *pro rata* to all eighteen Plaintiffs, $12,500 in service awards to two Plaintiffs, and $83,333.33 in fees and $4,710.44 in costs to Plaintiffs' counsel. *See* Proposed Settlement Agreement at ¶ 2. Each plaintiff's damages were calculated and provided in a table to Defendants during settlement negotiations. *See* Settlement Memo, Exhibit 2, ECF No. 136-2. According to these calculations, the Settlement will provide each of the eighteen plaintiffs with at least 60% of their alleged unpaid wages, with the median recovery being 87%. *See id.*

Given these rates of recovery, the Court finds the settlement sum to be fair and reasonable. The median rate of recovery is close to the full possible amount if Plaintiffs were to prevail at trial, while still reflecting "the risks faced by each party to continuing to litigate the matter." *Ramos Pelico*, 2019 WL 2710176 at *1; *Lemoine v. Liv Unltd, LLC*, No. 18 Civ. 8804 (PAC), 2019 WL 2076264, at *1 (S.D.N.Y. Apr. 24, 2019). Those risks (and the costs) of continued litigation are substantial: Plaintiffs lack records of most of their alleged hours worked, and would have to rely

3

at trial on their individual recollections to support their claims. *See Rivera v. Silver Star Cleaners, Inc.*, No. 18. Civ. 4427 (PAC), 2019 WL 3491505, at *2 (S.D.N.Y. Aug. 1, 2019) (recognizing risks of continued FLSA litigation where defendants had evidence challenging the hours allegedly worked by plaintiffs); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (requiring plaintiffs to "produce 'sufficient evidence' to show the hours [they] worked 'as a matter of just and reasonable inference'") (alteration added) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). And considering the Settlement Agreement resulted from "arm's length bargaining between experienced counsel," there is "no evidence to suggest fraud or collusion." *Strauss v. Little Fish Corp.*, No. 19 Civ. 10158 (LJL), 2020 WL 4041511, at *4 (S.D.N.Y. July 17, 2020).

The Settlement Agreement also sets aside two service awards for plaintiffs Alejandro Huggins (for $7,500) and Clinton Jack (for $5,000). "Courts regularly grant requests for service awards in class actions to compensate plaintiffs for the time and effort expended in assisting with the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Lesser v. TIAA Bank, FSB*, 19 Civ. 1707 (BCM), 2020 WL 6151317, at *4 (S.D.N.Y. Oct. 20, 2020) (citations and quotation marks omitted). Both Huggins and Jack advanced this litigation by responding to discovery demands and sitting for full-day depositions; Huggins also helped to draft the complaint and a declaration in support of conditional class certification. *See* Settlement Memo at 4–5. Their combined service awards equal 5% of the total settlement award. That percentage is well within the range of typical service awards approved in this District, and reflects the unique burdens borne by Huggins and Jack as litigants. *See, e.g., Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706 (AJN), 2016 WL 1222347, at *1–2 (S.D.N.Y. Mar. 24, 2016) (approving service awards of 5% of settlement); *Johnson v. Brennan*,

10 Civ. 4712 (CM), 2011 WL 4357376, at *21 (S.D.N.Y. Sept. 16, 2011) (approving service awards of approximately 9.1% of settlement). The Court approves the settlement sum as fair and reasonable.

## B. Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336. The Settlement in this case awards Plaintiffs' attorneys with one-third of the total settlement sum, or $83.333.33, in fees. Proposed Settlement Agreement at ¶ 2.19. Attorney's fees of "one-third of the total settlement amount" are generally "viewed as reasonable in this Circuit." *Ramos Pelico*, 2019 WL 2710176 at *2; *see also Strauss*, 2020 WL 4041511 at *9 n.1 (collecting cases).

Nevertheless, the Court "must still independently ascertain the reasonableness of a fee award." *Lee v. Grove Grp. Advisors LLC*, No. 20 Civ. (ALC), 2021 WL 5323125, at *1 (S.D.N.Y. Oct. 29, 2021) (citations omitted). The Court confirms the reasonableness of the fees by performing a "lodestar cross check." *Hernandez v. Compass One, LLC*, No. 20 Civ. 7040 (LJL), 2021 WL 4925561, at *4 (S.D.N.Y. Oct. 6, 2021); *Cegueda-Juarez v. Cleanwear USA 2, Inc.*, No. 18 Civ. 1604 (PAC), 2019 WL 5485253, at *2 (S.D.N.Y. Oct. 25, 2019). This calculation ensures the attorney's fees from the settlement are "commensurate" with the time the lawyers actually spent on the case. *Cegueda-Juarez*, 2019 WL 5485253 at *2. Here, the Court finds the fees of $83,333 are commensurate with the effort counsel expended in this FLSA matter spanning almost four years. Plaintiffs' attorneys' work on this case—documented by records submitted in camera, as well as detailed descriptions of each attorney's experience—would amount to a lodestar of $161,575.50 if billed hourly. Thus, the fee award from the Settlement would compensate Plaintiffs' attorneys for just over half the value of the actual work they performed in the case. This

5

requested cross check multiplier of around 0.5 is reasonable. *See Bernal v. Tres Amigos Corp.*, No. 18 Civ. 9567 (ER), 2021 WL 4206812, at *2 (S.D.N.Y. Aug. 5, 2021) ("Courts in this District have concluded that a multiplier no greater than 2 'should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases . . . .'") (quoting *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019)); *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) (declining to approve attorney's fees that would result in an effective hourly rate of over $1,000 and a multiplier of 2.8).

The Settlement Agreement also awards costs of $4,710.44 to Plaintiffs' attorneys.[3] As with attorney's fees, the Court has an independent duty to assess the reasonableness of costs. *See Fisher*, 948 F.3d at 601. "An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Id.* at 600. Having reviewed invoices for the costs in camera, and mindful that "courts should not[] become green-eyeshade accountants" when reviewing costs in a proposed FLSA settlement, the Court approves the award of costs. *Id.* at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Plaintiff's costs stem from sending notices of certification of the collective and for securing deposition transcripts. *See* Settlement Memo at 5. These are typical litigation expenses that would be charged normally to a fee-paying client. *See Fisher*, 948 F.3d at 601 (approving costs for deposition transcripts); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 482 (S.D.N.Y. 2013) (approving costs for multiple fees including postage). Moreover, counsel excluded other expenses from their

---

[3] Although the submitted invoices reflect a slightly higher amount of costs of $4,731.90, the Court accepts the figure of $4,710.44 from the Settlement Agreement so as not to disrupt the allocation of settlement funds that the parties agreed upon. *See Fisher*, 948 F.3d at 605 (instructing district courts not to rewrite FLSA settlement agreements negotiated by the parties).

6

requested costs, including photocopying, printing, travel expenses, and certain paralegal work. *See* Settlement Memo at 5. Those excluded expenses suggest Plaintiffs' attorneys took care to only include reasonable expenses as costs.

### C. Release of Claims

Finally, the release of claims in the Settlement Agreement is adequately tailored. "The Court must ensure that the defendant is not using 'the FLSA claim . . . to leverage a release from liability unconnected to the FLSA.'" *Cegueda-Juarez*, 2019 WL 5485253 at *3 (quoting *Camacho v. ESS-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). In other words, courts will not approve releases where plaintiffs would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206.

Here, Plaintiffs agree to release Defendants of any claims "arising out of the same general facts set forth in the Complaint" that involve unpaid wages. Proposed Settlement Agreement at ¶ 4.1. This tailored release of claims is typical of FLSA settlements approved in this District. *See Cegueda-Juarez*, 2019 WL 5485253 at *3 (approving release that "cabin[ed] the release to claims arising out of this action and claims that relate to those asserted in this action arising under federal and state statutes governing wage-and-hour claims").

7

## CONCLUSION

For the reasons stated, the request to approve the proposed Settlement Agreement is **GRANTED**. The Court will separately so-order the parties' Stipulation and Order of Final Dismissal with Prejudice, ECF No. 138. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
January 5, 2022

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge